## Lillian M. German *vs.* John W. German.

Maltbie, C. J., Hinman, Banks, Avery and Brown, Js.

Argued October 8th—decided November 6th, 1936.

*Sidney Vogel,* with whom, on the brief, was *Margaret Sigsway,* for the appellant (plaintiff).

*Herbert B. Wanderer,* for the appellee (defendant).

MALTBIE, C. J. The writ in this action describes the plaintiff as a resident of the city of New York and the defendant as a resident of Redding in this State. The complaint and the exhibits attached thereto state the following situation: On October 20th, 1916, the plaintiff obtained a decree of divorce in the Supreme Court of New York. In that decree it was provided that the defendant should pay the plaintiff $20 each week until she remarried, for her support and the support and maintenance of the children of the marriage, and the decree incorporated an agreement which had been entered into between the plaintiff and defendant settling their property rights and providing for weekly payments in the event that a divorce should be granted. By the provisions of this agreement the defendant was to pay the plaintiff $20 a week should the divorce be granted, in full discharge and satisfaction of all liability of the defendant for her support and maintenance, this provision to become a part of the decree for divorce, and, further, that the payment of these sums should not prevent the plaintiff from engaging in any occupation but that it should be an absolute obligation on the defendant's part so long as she remained unmarried.

The plaintiff has not married since the rendering of the decree. The defendant has not paid the weekly sums provided since December 26th, 1931, and is in arrears to the amount of $4380. He is a man of large means, well able to pay his obligations, but having his property so concealed as to put it beyond the reach of legal process. The plaintiff claimed as relief that the decree of the Supreme Court of New York be made

the judgment and decree of the Superior Court; that the defendant be required to pay the plaintiff the amount of alimony alleged to be in arrears, and, further, to pay the weekly sums decreed from the date of the complaint until the plaintiff should die or re-marry; that the defendant be required specifically to perform the terms of the agreement incorporated in the decree; and such further relief as the court might deem proper. The defendant filed a demurrer to the prayers for relief, the substance of which was that no judgment might be entered in the case other than an ordinary judgment at law for the amount of the ali-mony in arrears and, further, that the judgment in New York State might be altered, modified or annulled by its courts and therefore was not entitled to enforce-ment in the courts of this State.

Where in a decree of divorce alimony is awarded, the provision for alimony, in so far as the award is no longer within the power of the court which rendered the decree to rescind or alter and the right to receive the payments has become vested and absolute, falls within § 1 of Article Four of the United States Consti-tution, which requires each State to give full faith and credit to the judicial proceedings of every other State. *Sistare* v. *Sistare,* 218 U. S. 1, 16, 30 Sup. Ct. 682. The constitutional provision, however, only requires that the courts of a State other than that in which the decree is rendered shall give effect to it by the ordinary reme-dies appropriate to an action upon a judgment; that court is not required to apply any special remedies pro-vided by the laws of the State in which the decree was rendered, nor any such remedies provided by its own laws to enforce similar decrees made by its courts. *Lynde* v. *Lynde,* 181 U. S. 183, 187, 21 Sup. Ct. 555; *Sistare* v. *Sistare,* supra, p. 26; *Grant* v. *Grant,* 64 App. D. C. 146, 75 Fed. (2d) 665; *Weidman* v. *Weidman,*

274 Mass. 118, 124, 174 N. E. 206. Whether the court in which the enforcement of the decree is sought will apply equitable remedies depends upon the principles of jurisprudence in effect in that State. Courts have answered differently the question whether remedies other than those for a recovery of damages at law may be applied in aid of such a judgment. That they will be applied was decided in *Fanchier* v. *Gammill,* 148 Miss. 723, 114 So. 813; *Mallette* v. *Scheerer,* 164 Wis. 415, 419, 160 N. W. 182; *Ostrander* v. *Ostrander,* 190 Minn. 547, 252 N. W. 449; *Shibley* v. *Shibley,* 181 Wash. 166, 170, 42 Pac. (2d) 446; *Cummings* v. *Cummings,* 97 Cal. App. 144, 151, 275 Pac. 245; *Creager* v. *Superior Court,* 126 Cal. App. 280, 14 Pac. (2d) 552; and see *Matson* v. *Matson,* 186 Iowa, 607, 618, 173 N. W. 127. On the other hand, such relief has been held to be improper in *Weidman* v. *Weidman,* 274 Mass. 118, 174 N. E. 206; *Lynde* v. *Lynde,* 162 N. Y. 405, 418, 56 N. E. 979; *Bennett* v. *Bennett,* 63 N. J. Eq. 306, 49 Atl. 501; *Mayer* v. *Mayer,* 154 Mich. 386, 117 N. W. 890; *Davis* v. *Davis,* 29 App. D. C. 258; *Grant* v. *Grant,* 64 App. D. C. 146, 75 Fed. (2d) 665; and see *Kossower* v. *Kossower* (N. J.) 142 Atl. 30; note 97 A. L. R. 1197.

Those cases which upheld a resort to equitable remedies for the most part proceed upon the broad ground that a decree for alimony, in the enforcement of the obligation of a husband divorced for his fault to continue to support his former wife, imposes a peculiar obligation which the husband ought not to be permitted to avoid by the mere fact that he has moved from the State where the decree was rendered into another. In *Lyon* v. *Lyon,* 21 Conn. 185, 196, we stated the underlying principle which must govern us as follows: "In carrying their decisions into execution, courts will adopt those processes which are established

by precedent, and have thus received the sanction of law, where they are adequate for the purpose, but where they are not, would feel authorized and bound to devise other modes, which would be effectual to that end, being careful, however, not to exceed [their] constitutional and legal authority." It is true that the nature of an award of alimony is such that the State itself has a social, and if the wife be a resident in it, a financial interest in the performance of his duty by the divorced husband. *Wright* v. *Wright,* 93 Conn. 296, 300, 105 Atl. 684. But we would hesitate to hold that this fact afforded sufficient ground in itself to justify the extension of equitable remedies in aid of a judgment for damages, in the absence of circumstances bringing the situation within some recognized principle of equitable jurisprudence.

On the other hand, the decisions which deny that such remedies may be applied are expressly or impliedly grounded on the proposition that an action upon a judgment awarding alimony is by its nature one for the recovery of a debt, only cognizable at law, that an action for damages constitutes a full and adequate remedy, and that, as divorce, with its incident of alimony, is wholly a creature of statute, the provisions of the statutes authorizing enforcement by contempt or like proceedings apply only to decrees rendered in the courts of the State where the action is brought and are not available to enforce a like decree rendered in another State. If we admit the premise, that the only proper action to enforce such a decree is one at law for damages, the conclusion to which these courts have come is logical; but we disagree with that premise.

In New York State as with us, divorce, with its incident of alimony, is a creature of statute. *Ackerman* v. *Ackerman,* 200 N. Y. 72, 76, 93 N. E. 192; *Cary* v. *Cary,* 112 Conn. 256, 258, 152 Atl. 302. It does not,

however, follow that an action for divorce is one at law. The Legislature can create equitable rights and provide equitable remedies as well as it can those cognizable in the law courts. Obviously the relief given in a divorce action is not such as could be granted in a common-law court but is essentially equitable in its nature.

That is peculiarly true in this jurisdiction, where a decree for alimony in its earliest form consisted of an assignment of specific property; *Lyon* v. *Lyon,* supra, p. 197; and the fact that, by judicial construction, it came to be held that, in lieu of such assignment, a sum of money might be awarded, and later, by legislative action, an order for periodic payments was authorized, does not change the nature of the award. *Sanford* v. *Sanford,* 5 Day, 353, 357; *Benedict* v. *Benedict,* 58 Conn. 326, 20 Atl. 428; *Cary* v. *Cary,* 112 Conn. 256, 259, 152 Atl. 302. In *Lyon* v. *Lyon,* supra, the nature of an award of alimony in the form of money is discussed and while we held that it was not necessary to determine whether the action was one in equity, a decree for alimony was stated to be "analogous to those decrees of courts of equity, which enjoin specifically, or prohibit, the performance of particular acts" and that proceedings to enforce such a decree by contempt were proper, even though there was not then, as there is not now, any statutory authority in this State for such proceedings and hence they were necessarily referable to the inherent power of a court to enforce its decrees. So long as the distinction between courts of law and courts of equity was preserved, an action for a divorce, with alimony, would of necessity be brought to the latter. *Lyon* v. *Lyon,* supra, p. 195. When in *Steele* v. *Steele,* 35 Conn. 48, 54, we said that an action for a divorce was not a proceeding in equity, we meant that it did not fall within the field of that equitable

jurisprudence which had been developed by the courts; it would have been more accurate to regard it, as Pomeroy does, as a proceeding established by statute, of such a nature that, as between courts of law and courts of equity, it necessarily would fall within the cognizance of the latter. 1 Pomeroy, Equitable Jurisprudence (4th Ed.) § 112, p. 131. In New York, when the courts of law and courts of equity were separate, jurisdiction of divorce was given by statute to the latter, as it still is in New Jersey. See Laws of New York, 1789, Vol. 2, p. 133; Compiled Statutes of New Jersey, Vol. 2, p. 2029. The action being essentially equitable in its nature, the fact that both equitable and legal rights have come to be administered by a single court does not change the nature of the decree.

Upon ancient equitable principles an action brought upon a decree in equity might be brought in a court of equity. In *Hugh* v. *Higgs,* 21 U. S. (8 Wheat.) 697, in an opinion by Marshall, C. J., it was held that an action on the case would not lie to recover money due under a decree in chancery. In a note found in 3 Caines (N. Y.) 37, it is stated that Chase, J., made a similar ruling in a case in the Circuit Court of the United States for the District of Connecticut. In *Vanbuskirk* v. *Mulock,* 18 N. J. Eq. 184, it was held that an action of debt would not lie on a decree of the New York chancery court awarding alimony. It is true that in *Post* v. *Neafie,* 3 Caines (N. Y.) 22, it was held, Kent, C. J., dissenting, that an action might lie at law upon a decree in equity simply for the payment of money and that may be regarded as the established law today. *Pennington* v. *Gibson,* 57 U. S. (16 How.) 65, 68. That does not, however, prevent a court of equity from taking cognizance of an action brought upon a decree in equity. "Whenever equity originally acquires jurisdiction over any particular subject-mat-

ter, right, or interest, because the law either did not recognize the existence of the right or interest, or could not furnish an adequate remedy for its protection, and the scope of the common law has since become enlarged, so that it now not only admits the particular primary right or interest to be legal, but also furnishes a legal remedy by its actions, which may even be adequate under ordinary circumstances, still the equitable jurisdiction is not in general thereby destroyed or lessened, although it is made to be concurrent, and although the special reasons for its continued exercise —namely, the inadequacy of the legal remedy—may no longer exist." 1 Pomeroy, Equitable Jurisprudence (4th Ed.) § 182; and see *Lyon* v. *Lyon,* supra, p. 195.

In *Barber* v. *Barber,* 62 U. S. (21 How.) 582, 591, it is said: "The parties to a cause for a divorce and for alimony are as much bound by a decree for both, which has been given by one of our State courts having jurisdiction of the subject-matter and over the parties, as the same parties would be if decree had been given in the ecclesiastical court of England. The decree in both is a judgment of record, and will be received as such by other courts. And such a judgment or decree, rendered in any State in the United States, the court having jurisdiction, will be carried into judgment in any other State, to have there the same binding force as it has in the State in which it was originally given. For such a purpose, both the equity courts of the United States and the same courts of a State have jurisdiction."

It was therefore proper for the plaintiff in this case to invoke the equitable jurisdiction of the Superior Court to enforce the decree for alimony and it is within the power of that court to give any appropriate remedy applicable in an action brought to it in its capacity as a court of equity. The power of the court to enforce

a decree for alimony by proceedings in contempt is with us not referable to any statute but is inherent in the authority of a court to compel obedience to its orders. *Lyon* v. *Lyon,* supra. It is therefore as applicable to an equitable proceeding brought here to enforce a decree for alimony rendered in another State as to a like decree rendered by our own courts.

Section 1170 of the Civil Practice Act of New York provides that the court may, upon proceedings brought as therein prescribed, "annul, vary or modify" any order made in a divorce action for the support of the wife. In *Sistare* v. *Sistare,* 80 Conn. 1, 4, 66 Atl. 772, we were of the opinion that the power given by this section included overdue and unsatisfied payments, but when the case came before the United States Supreme Court, that court came to a different conclusion. *Sistare* v. *Sistare,* 218 U. S. 1, 17, 30 Sup. Ct. 682. It has recently been held by the Court of Appeals of New York that the power to alter the decree did not extend beyond an order to take effect at the time the application for the modification was made, stating that: "Past due sums have become vested rights of property in the plaintiff which the Supreme Court has no power to take from her." *Harris* v. *Harris,* 259 N. Y. 334, 337, 182 N. E. 7. As regards instalments due in the future, there would be no question of the power of the courts of New York to modify the decree, unless it be by reason of the incorporation into it of the agreement of the parties as to the payments to be made. We find no decision of the Court of Appeals of New York bearing upon the effect of the incorporation of such an agreement in a decree for alimony, but the law of that State, as declared by the Appellate Division of the Supreme Court, is that, despite the incorporation of the agreement, the decree may be modified, although the agreement might not be affected thereby and an action

might lie for its breach. *Kunker* v. *Kunker,* 230 App. Div. (N. Y.) 641, 246 N. Y. Sup. 119; *Holahan* v. *Holahan,* 234 App. Div. (N. Y.) 572, 255 N. Y. Sup. 693; *Schnitzer* v. *Buerger,* 237 App. Div. (N. Y.) 622, 262 N. Y. Sup. 385; *Staehr* v. *Staehr,* 237 App. Div. (N. Y.) 843, 261 N. Y. Sup. 103; and see *Herrick* v. *Herrick,* 319 Ill. 146, 149 N. E. 820, cited in the *Kunker* case. The decree before us is not, therefore, enforceable in our courts as regards payments falling due in the future. *Sistare* v. *Sistare,* 80 Conn. 1, 66 Atl. 772.

While one of the prayers for relief in the action before us seeks a specific performance of the agreement incorporated in the decree, the tenor of the complaint is such that we can only regard the action as one which is based upon the decree and seeks its enforcement. It follows that, as concerns the past due instalments of alimony, the plaintiff might show herself entitled to relief in equity by an order for their payment, enforceable by contempt proceedings; but she could not have such an order as regards instalments due in the future. As the demurrer was addressed generally to the prayers for relief and not specifically to that seeking an order directing the payment of future instalments, it should have been overruled.

There is error, the judgment is set aside and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.