### LILLIAN M. GERMAN
### vs.
### JOHN W. GERMAN

Superior Court      Fairfield County      File #50215

Present: Hon. FRANK P. McEVOY, Judge.

Sidney Vogel,             Attorney for the Plaintiff.

Wilson & Hanna,          Attorneys for the Defendant.

**MEMORANDUM FILED FEBRUARY 14, 1938.**

McEVOY, J.   This is the sixth in a series of actions be-
tween these litigants.   The litigation arises out of the fact that
in 1914 and 1915 the plaintiff commenced an action in New

York State Supreme Court against the defendant claiming a divorce. The ground alleged was adultery. At that trial, the defendant defaulting, the plaintiff was awarded a decree, which in 1916 became final. In accordance with the statutes the New York court forbade the defendant to remarry. In the decree the defendant was required to pay to the plaintiff the sum of $20.00 per week during her life. The obligation was absolute. The defendant regularly paid or caused to be paid the sum of $20.00 weekly to the plaintiff until December 26, 1931. On that date the payments ceased. Nothing has been paid by the defendant to the plaintiff in accordance with the terms of the New York decree since December 26, 1931. On the day on which this action was tried the actual weekly arrears due from the defendant to the plaintiff totaled $6,080.00. The present action was returnable to the first Tuesday of April, 1936. By way of relief the plaintiff then claimed:

1. That the decree of the Supreme Court of the State of New York entered in the County of New York on the 20th day of October, 1916 and incorporated in this complaint as Exhibit 1 be made the judgment and decree of this Honorable Court.

2. That the defendant be required to pay to the plaintiff forthwith the sum of Four thousand three hundred eighty dollars ($4,380.00) and a further sum of twenty dollars ($20.00) per week until such time as the plaintiff shall die or remarry.

3. That the defendant be required specifically to perform each, all and every of the terms of said agreement incorporated in this complaint as Exhibit 1.

4 Such other further relief as to this Honorable Court shall seem meet and proper and to justice and equity shall appertain.

The second claim for relief has been amended by omitting the words "and a further sum of $20.00 per week until such time as the plaintiff shall die or remarry," and by adding thereto Paragraph 2A:

That the defendant be required to pay to the plaintiff the sum of $20.00 per week from the date of this complaint until such time as the plaintiff shall die or remarry.

Paragraphs 1 to 4 of the complaint, inclusive, are admitted.

These paragraphs allege substantially that on the 20th day

of October, 1916, the plaintiff obtained a decree of divorce in the Supreme Court of the State of New York and the defendant, by the terms of that decree, was required to pay the plaintiff the sum of $20.00 a week, and that the payments were to continue until the plaintiff should either remarry or die. The evidence shows that the plaintiff is still alive and that she has not remarried. It is further alleged in paragraph 3 that the defendant has failed to make the payments since December 26, 1931, and that, in paragraph 4, the plaintiff has repeatedly demanded that the defendant comply with such order but he has neglected and refused to pay.

By her amendment filed April 9, 1936 the plaintiff has added two paragraphs as follows:

6. The defendant is a man of large means, well able to pay his obligations, but having his means so concealed as to make them unavailable to legal process.

7. The plaintiff has no adequate remedy at law.

The truth of these two allegations in the plaintiff's amended complaint is denied.

The truth of paragraphs 1 to 4, inclusive, is admitted. No evidence in proof of them is essential and they are therefore found to be true.

Paragraphs 6 and 7 of the amended complaint, although denied in the answer, are, upon all of the evidence, found to be true.

After careful consideration of all of the evidence and applying the inferences logically and reasonably to be drawn from it, it would seem more probable than otherwise that the defendant is possessed of assets of the value of at least $15,000.00, and that he has concealed these assets by placing them in his wife's name and has therefore made them unavailable to legal process. The evidence respecting these transactions is so tenuous that the plaintiff would seem to have no adequate remedy at law. This is not an action which is brought to set aside transfers.

There is no allegation of fraud nor is there any allegation of fraudulent transfer. In this respect it differs from **O'Neill vs. Kilduff, 81 Conn. 116; State vs. Martin, 77 Conn. 142; Winchester vs. Moriarty, 84 Conn. 678, 682.**

The plaintiff is entitled to relief.

The important question is as to the sort of relief to which the plaintiff is entitled.

The decree in which the defendant was ordered to pay $20.00 a week to the plaintiff, was entered in the New York State Supreme Court.

Upon the trial, in the argument and upon briefs the parties were heard at length as to the power of the Connecticut court to adopt a decree of the courts in New York State and give suitable relief under a Connecticut court.

". . . . such a judgment or decree, rendered in any State in the United States, the court having jurisdiction, will be carried into judgment in any other State, to have there the same binding force as it has in the State in which it was originally given. For such a purpose, both the equity courts of the United States and the same courts of a State have jurisdiction." **German vs. German, 122 Conn. 155, 163.**

The court has jurisdiction because the plaintiff came into Connecticut; instituted the action here; made service upon the defendant who then entered his appearance and submitted to the jurisdiction of the court.

The plaintiff's prayers for relief are sufficiently broad and also sufficiently specific to furnish a sound basis for the relief to be granted.

**"Section 1170 of the Civil Practice Act of New York** provides that the court may, upon proceedings brought as therein prescribed, 'annul, vary or modify' any order made in a divorce action for the support of the wife. . . . As regards instalments due in the future, there would be no question of the power of the courts of New York to modify the decree. . . . The decree before us is not, therefore, enforceable in our courts as regards payments falling due in the future." **German vs. German, supra, pp. 164, 165; Sistare vs. Sistare, 80 Conn. 1.**

". . . the tenor of the complaint is such that we can only regard the action as one which is based upon the decree and seeks its enforcement. It follows that, as concerns the past due instalments of alimony, the plaintiff might show herself entitled to relief in equity by an order for their payment, enforceable by contempt proceedings; but she could not have such an order as regards instalments due in the future." **German vs. German, supra, p. 165.**

"These past due sums have become vested rights of property in the plaintiff which the Supreme Court has no power to take from her." **Harris vs. Harris, 259 N. Y. 334, 337; 182 N. E. 7, 8.**

Under these circumstances it is not within the power of this court to make any order for payment of installments which may become due in the future as the original judgment respecting the payment of the installments may at any time be modified by the action of the court and a decree of this court attempting to require payment of future installments would not be enforceable.

As to sums past due, however, it is within the purview and power of this court to require that they be paid. By amendment filed, with permission of the court, November 4, 1937 the ad damnum was amended to read:

"That the defendant be required to pay the plaintiff forthwith, the sum of $6,080.00."

It is found that, on the day of the trial, the sum of $6,080.00 was due to the plaintiff from the defendant under the decree of the New York Court and that these sums are now, therefore, past due.

As to the claim for relief to the effect that the plaintiff is without adequate remedy at law, the long series of actions would almost definitely establish the truth of that claim. The plaintiff has repeatedly undertaken to secure the right decreed to her by the New York court but, so far at least, without avail.

Under the circumstances the plaintiff is entitled to suitable equitable relief.

Apparently this view was taken by our Supreme Court about 85 years ago where it said:

"We think, therefore, that this application should be entertained, by the superior court, as a petition, in the case in which that court decreed a divorce and alimony to the plaintiff, for an attachment against the defendant, grounded on his disobedience to that decree in not furnishing such alimony." **Lyon vs. Lyon, 21 Conn. 185, 194.**

"Obviously the relief given in a divorce action is not such as could be granted in a common-law court but is essentially equitable in its nature." **German vs. German, supra, p. 161.**

"The power of the court to enforce a decree for alimony by proceedings in contempt is with us not referable to any statute but is inherent in the authority of a court to compel obedience to its orders." Germain vs. German, supra, pp. 163, 164; Lyon vs. Lyon, supra.

During the presentation of evidence questions were asked which elicited evidence showing that at one time a conference was held which was attended by the plaintiff, her attorney and Attorney Lustig, of New York. During that conversa tion Attorney Lustig, in the presence of the plaintiff and her attorney, stated that he had been authorized by the defendant to offer the plaintiff a certain sum of money, that is $1,000.00, to cancel the agreement upon which the divorce decree was based. In that conversation Mr. Lustig also said that if there were not some way of breaking the agreement that the de fendant and his present wife—not the plaintiff—would sell out and travel. When this evidence was first offered it was objected to and the objection was sustained because it did not then appear that Attorney Lustig had any authority to act for the defendant or to represent the defendant as the defendant's agent. Subsequently the defendant, upon this trial, testified that he had authorized Mr. Lustig to act for him and had in structed Mr. Lustig to use his own judgment in the matter. Under the circumstances it would seem that there was proper basis for the presentation and the admission of this evidence and that it was properly admitted.

The motion to strike this evidence from the record is there fore denied.

In this connection it should be observed that in one of the former cases between these parties, that is **Lillian M. German vs. John W. German, Case No. 40192,** returnable to the Supe rior Court for Fairfield County on the first Tuesday of No vember, 1932, in the supplementary proceedings had in con nection with the present case, part of the matter was referred to a committee and that committee in its memorandum of facts found dated October 16, 1933 and filed November 25, 1933, contained the following report made by the committee, inter alia: "I therefore find that the defendant, John W. German, testified to a fact as true which was subsequently proved by evidence offered by plaintiff's attorney to be untrue. Further the said Mr. German at the second hearing admitted that his former statements were false . . . ."

The files of the Superior Court may be the subject of judicial notice by this court, in its discretion. **McCleave vs. Flanagan Co., 115 Conn. 36.**

While the ancient maxim of "falsus in uno, falsus in omnibus," does not now apply, nevertheless a deliberate falsehood found to have been made on a former occasion naturally has a bearing on the question of credibility to be accorded to the testimony of a witness.

In the plaintiff's brief it is requested that further relief be given to the plaintiff under the allegations of Paragraph 2A of the prayers for relief, which reads as follows: "That the defendant be required to pay to the plaintiff the sum of $20.00 per week from the date of this complaint until such time as the plaintiff shall die or remarry."

Since our Supreme Court, in its opinion on the demurrer in this case has definitely determined that future payments of alimony under the decree are still subject to modification by the New York State Supreme Court it would seem that, under those circumstances, any attempted relief by this court along that line would be futile and nonenforceable. Therefore no such decree may be entered in this court.

In entering an order in this case regard must be had for **Section 366, Practice Book 1934,** which provides that, "In all civil actions, execution shall be stayed for two weeks after final judgment . . . ."

**State ex rel. Bonoff vs. Evarts, 115 Conn. 98, 101.**

Another consideration which must enter into the entry of judgment in this case is the disposition of the motion for discharge of the bond in the sum of $7,500.00, which was ordered and filed on the writ of ne exeat. It would seem that the reasonable protection of the rights of the plaintiff in this matter would reasonably require that this bond remain in force and therefore the motion to discharge it and to dismiss the proceedings had upon the writ is denied.

A decree may be entered that the defendant forthwith pay to the plaintiff the sum of $6,080.00 with interest from this date on said sum and that if the said sum be not paid at the end of two weeks after final judgment that an attachment be issued against the defendant out of this court for contempt and that the bond furnished in connection with the writ of

ne exeat remain in full force and effect until further orders of this court.

Judgment may enter accordingly.