## FLORENCE SCHWING
*vs.*
## HARRY W. SCHWING

Superior Court      Fairfield County      File No. 55528

MEMORANDUM FILED SEPTEMBER 5, 1941.

*Spelke & Zone,* of Stamford, for the Plaintiff.

*Lavery & Lavery,* of Bridgeport, for the Defendant.

MUNGER, J. The plaintiff and defendant were married in New York City in 1931 and lived there together until Sep-

tember 5, 1934. Upon this date the husband left the wife and removed to New Jersey.

On October 2, 1937, the husband sued for divorce in New Jersey alleging desertion by the wife, who thereupon filed a counterclaim praying for a judicial separation and alimony. On April 21, 1938, the New Jersey court found the issues on the counterclaim for the wife.

Shortly before the date of this decree, to wit, on April 21, 1938, the present action was instituted by the wife. The prayer for alimony in the divorce case was granted and order made that the defendant should pay to the wife $18 per week from the date of the decree, April 21, 1938.

Soon after the institution of the present action, on April 26, 1938, the husband obtained a temporary injunction in New Jersey to restrain the prosecution of this present action in Connecticut. This temporary injunction was dissolved on February 1, 1939. In the suit claiming an injunction it was alleged and claimed that all issues pertaining to support had been adjudicated, but it was found nevertheless as appears by exhibit filed, that "the matter in litigation is not one within the issues litigated or susceptible of litigation in the case at bar."

The issues in the instant case are therefore these; has the wife a right to recover judgment for damages to be measured by the amount of money expended by her for her support from the time of the desertion by the husband until the date of the divorce decree, and, second, should this court issue an order for future support by the husband?

The plaintiff in this case is a resident of New York and the defendant a resident of New Jersey. Notwithstanding this fact, the plaintiff may maintain the present action in this court and in this action she may recover such sums as she was obliged to expend for her own support during the time of desertion by her husband. The issue of desertion is not open in this case. The judgment of the New Jersey court finding such desertion on the part of the husband is decisive of that particular issue. This court is obliged to follow the ruling in the case of *Harding vs. Harding,* 198 U.S. 317.

It must also be said that even if this court were obliged to hold that the issue of abandonment had not been finally settled by the decree of the New Jersey court and was still

open in this case it would nevertheless be obliged to find upon the evidence that the desertion had in fact taken place as claimed by the wife. The parties upon the trial of this case submitted evidence, the husband claiming that he had not abandoned his wife and she on the contrary claiming that he had. It clearly appears from what evidence was submitted that the desertion was on the part of the husband. Upon this evidence, therefore, and upon the authority of the *Harding* case above cited, we proceed to an inquiry of the right of the wife to recover damages for support unprovided, with this issue of desertion found in her favor.

The husband ceased to live with his wife September 5, 1934, and there was a continuous desertion on his part to the date of the decree of divorce in New Jersey. The right of the wife to recover such reasonable sums as she has been obliged to expend for her support during the time of desertion is not an open question in this State.

In *Artman vs. Artman,* 111 Conn 124, it appeared that both parties were nonresidents of Connecticut. The plaintiff lived in New York and the defendant in California. A suit was brought by the wife in this State to recover damages from the husband by reason of expenditures made by her for her support during the time of desertion and also prayed for an order for support under our statute. The court awarded $2,000 damages on account of expenditures by the wife for her support during the period of desertion.

In a later case, *Bohun vs. Kinasz,* 124 Conn. 543, the *Artman* case was cited and followed and it was expressly held that where the husband deserted the wife she might recover from him as damages the monies necessarily expended by her for her support during the time of the abandonment. In the opinion of the court it was said (p. 546): "The wife in the case at bar was faced with the alternatives of destitution for herself and her children or of using her own money earned by personal service." The opinion also quotes from *De Brauwere vs. De Brauwere,* 203 N.Y. 460, 464, as follows: "The plainest principles of justice require that a wife should have some adequate legal redress upon such a state of facts."

In the instant case the property of the defendant in this State has been attached. The ownership of this property is admitted by the defendant and the income from it stated by

him. In the *Artman* case it was distinctly held that although neither of the parties resides in this State an action for future support or to recover damages for past neglect may be brought here, and the opinion states (p. 129): "The right to require such support is personal in its nature and hence it is so far transitory that it may be maintained in a state where neither wife nor husband resides, if property of the latter is there sub-jected to the jurisdiction of the court."

The plaintiff in the action for divorce in the New Jersey court in which she filed a counterclaim seeking alimony did not sue for monies expended by her for her support, as indeed in that action she could not have done. Not having presented this action to the court in her counterclaim she had a right to bring suit in this State as held in the *Artman* case and recover these damages. It must therefore be held that the plaintiff has the right to recover from the defendant in the instant case such sums as may fairly and reasonably measure such expenditures as were made by her for her necessary support during the time of her husband's desertion; that is, from September 4, 1934 to April 21, 1938, the date of the divorce decree.

As to the measure of damages for expenditures incurred by the wife for her own support; from the date of the desertion, September, 1934 to January, 1937, the plaintiff resided with her brother in an apartment paying rent of $60 a month. From January, 1937, to the date of the decree in April, 1938, $45 per month rent was paid. This rent was divided between the plaintiff and her brother with whom she shared the apart-ment. It therefore appears that there was a period of 28 months during which $60 a month rent was paid and a period of 15 months during which $45 a month was paid. These sums amount for the first period to $1,680 and for the second period to $675. One-half paid by the plaintiff for these periods amounts to $1,177.50.

The plaintiff and her brother expended for food $16 a week while they lived together in the apartment and this period con-tinued from September, 1934, to the date of the decree. This sum amounts to $2,928 which was divided and the plaintiff's share was therefore $1,464.

The plaintiff's claimed item for household expenses is so vague that nothing can be allowed on account of it.

She also claims for clothing and the vague item of living

expenses of $500 a year. I am of the opinion that this is unreasonable and upon such evidence as there is before the court, I think $400 per year for clothing is a reasonable amount to be fixed, or a total of $1,720.

The plaintiff expended a total of $4,361.50, which is the measure of damages on account of expenditures for support and judgment may enter that she recover this sum from the defendant as damages.

There remains to consider the prayer of the complaint that the court order the defendant to contribute to future support of the plaintiff. The instant action was brought before the divorce decree in the State of New Jersey had been entered and alimony awarded. The only possible reason for now pressing this instant case on a prayer for future support lies in the fact that the defendant has become the owner of a piece of real estate in this State which has been attached. It is wholly unnecessary, however, for the plaintiff to bring a cause of action in this State seeking to secure payments for her support on the part of the husband. The New Jersey court has already ordered alimony of $18 per week. No default has ever been made by the defendant in the payment of this amount to the plaintiff. The plaintiff claims the financial condition of the defendant has greatly improved since the entering of the alimony decree.

If this sum which the defendant is now paying no longer reasonably measures his obligation to provide for her support, the plaintiff has a complete remedy in the New Jersey court. It is provided in section 37 of chapter 50, title 2, of the General Statutes of the State of New Jersey, Revision of 1937, as follows: "Pending a suit for divorce....or after decree of divorce, the court of chancery may make such order touching the alimony of the wife....as the circumstances of the parties and the nature of the case shall render fit, reasonable and just"; and so forth. "Orders so made may be revised and altered by the court from time to time as circumstances may require."

It is apparent, therefore, that the plaintiff at any time when the circumstances require or warrant it may pray for an increase in the payments of alimony required to be made by the defendant by bringing her petition to the New Jersey court.

It is true also that at any time this court will lend its aid to

enforce an alimony decree entered by the New Jersey court. This has been most definitely established in this State by the decision of the court in *German vs. German,* 122 Conn. 155. In that case it was held that an action in this State would lie upon a decree in equity simply for the payment of money and the opinion of the court (p. 162) was "that may be regarded as the established law today." The opinion quotes *Pennington vs. Gibson,* 57 U.S. (16 How.) 65, 68, in which case it was distinctly held that a court of equity would lend its aid to enforce a debt. The *German* case distinctly held that the court in this State would not make an order for installments of alimony due in the future. This remedy the plaintiff has no occasion to seek in the instant case. If the defendant refuses to make the payments of alimony as they may be ordered by the court in New Jersey in which the decree was entered, it is plain, according to the rule announced in *German vs. German,* that this court will lend such aid as may be necessary to subject any property of the defendant in this State to the discharge of his obligation. It may be true that contempt proceedings are not as effective as the aid in equity which this court would grant. However agreeable it may be to the sense of justice of the wife, a contemplation by her of a defiant and strong-willed husband languishing in protective custody does not translate itself into food, raiment or shelter. Something more than this contemplation may be secured in such a case as is now presented upon proper proceedings. The court therefore cannot make any order in this case for the payment of future support and is confined to a decree for such sums as are reasonably due the plaintiff on account of failure to support her during her abandonment and desertion by her husband.

Judgment may enter for the plaintiff to recover from the defendant upon this prayer of the complaint $4,361.50.