## ELIZABETH C. TUESCHER
*vs.*
## WILLIAM PHILIP TUESCHER

Superior Court     Fairfield County     File No. 62002

MEMORANDUM FILED APRIL 27, 1942.

*Curtis & Stoddard*, of Bridgeport, and *Nevas & Nevas*, of South Norwalk, for the Plaintiff.

*Curtis, Brinckerhoff & Barrett*, of Stamford, for the Defendant.

BOOTH, J. The action in its present amended state is to enforce a portion of an alleged final judgment of the Second Judicial District Court of the State of Nevada in and for the County of Washoe.

The portion involved is alleged to consist of an order requiring the payment by the defendant to the plaintiff of a certain sum monthly for the support and maintenance of the plaintiff and the minor child of the parties, which order is alleged to have been disobeyed by the defendant since February 15, 1941. The relief sought is for a judgment of this court in accordance with the judgment of the Nevada court and for an order requiring the defendant to pay to the plaintiff all of the alleged past due installments and all future installments provided for in the Nevada judgment.

By way of special defense the defendant alleges in substance that since February 15, 1941, the plaintiff has not had the care, maintenance or actual custody of the minor child; that she has not been in condition to have such care, maintenance or actual custody; that he, the defendant, has assumed such care, maintenance and custody and has expended more than $50 monthly for said child's support.

The plaintiff demurs to this defense upon the theory that the present action is purely legal in character. The complaint, however, contains no special claim for a money judgment. Prayers for relief merely seek orders for payment, one of which concerns alleged past due alimony. That such an order may be enforced by contempt proceedings and that

such proceedings are equitable in character must be conceded. *German vs. German,* 122 Conn. 155. It thus appears that at least a portion of the plaintiff's action is essentially equit- able. Such being the situation matters of an equitable nature such as those specified in the pleading demurred to may properly be relied upon in defense of the equitable portion of the plaintiff's action.

For the foregoing reasons the demurrer as filed is overruled upon all the grounds thereof.