## Astrid E. P. Weil v. Hans R. Poulsen

SUPERIOR COURT        NEW LONDON COUNTY        FILE No. 10374

Memorandum filed July 6, 1950.

*Nathan Aaron, Ufa E. Guthrie* and *Benjamin A. Markman,* of Hartford, for the Plaintiff.

*Rollin U. Tyler* and *L. Horatio Biglow,* of Deep River, and *Robinson, Robinson & Cole,* of Hartford, for the Defendant.

DALY, J. In paragraph 2 of the plaintiff's motion it is alleged that the plaintiff "obtained judgment herein on June 8, 1935 against defendant herein, as amended, in the sum of $12,285, as will further appear from said file, and said judgment is still unpaid and unsatisfied." As stated in the "Judgment" dated June 8, 1935, and in the "Judgment" dated May 29, 1936, the plaintiff claimed "Fifteen Thousand (15,000) Dollars damages, an order compelling the defendant to continue to make payments in accordance with the terms of a certain separation agreement and such other equitable relief as the Court might deem necessary in the premises."

In her motion the plaintiff prays that "this Court adjudge defendant in contempt of this Court."

An appeal from the judgment, dated June 8, 1936, was taken by the defendant. The opinion is reported in 121 Conn. 281. At pages 286 and 287 the court said: "The trial court also found these additional facts: On February 3d, 1925, the King of Denmark granted a divorce to the parties on the ground of the infidelity of the defendant. On November 2d, 1925, the plaintiff married her present husband, Eric Weil, and on April 24th, 1926, the defendant remarried. The separation agreement of August 23, 1923, was made in New York between parties there domiciled and was plainly a New York contract to be governed in its interpretation by the laws of that State. . . . The agreement, therefore, was valid between the parties in New York when made and its enforcement is not against the public policy of this State."

At page 288 in referring to the agreement of December 10, 1924, which was annexed to and referred to in the judgment of divorce granted by the Danish court the court said; "That it was afterward referred to and embodied in the divorce decree did not change its character from an unsealed to a sealed instrument."

At page 290 the following appears: "There is error, the judgment is set aside and the case remanded with direction to enter judgment for the plaintiff to recover damages only, being the principal sum awarded in the original judgment with interest to the date of the new judgment."

Counsel for the plaintiff claims that the case of *German* v. *German*, 122 Conn. 155, is in point. In the portion of the opinion in that case appearing on pages 163 and 164 the court said: "It was therefore proper for the plaintiff in this case to invoke the equitable jurisdiction of the Superior Court to enforce the decree for alimony and it is within the power of that court to give any appropriate remedy applicable in an action brought to it in its capacity as a court of equity. The power of the court to enforce a decree for alimony by proceedings in contempt is with us not referable to any statute but is inherent in the authority of a court to compel obedience to its orders. *Lyon* v. *Lyon*, [21 Conn. 185, 195]. It is therefore as applicable to an equitable proceeding brought here to enforce a decree for alimony rendered in another State as to a like decree rendered by our own courts."

In this case there was no decree for alimony. Judgment was rendered upon the separation agreement of August 23, 1923. Accordingly the defendant is not in contempt of court and the motion is denied.