DORIS J. SKOGSTRAND *v.* PHILIP E. ST. JOHN

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 87346

Memorandum filed January 20, 1953.

*Herbert L. Emanuelson* and *John F. Wynne,* both of New Haven, for the Plaintiff.

*Joseph J. Trantolo,* of Hartford, for the Defendant.

COMLEY, J. The complaint alleges that when the parties were divorced by the Superior Court of the state of Maine on October 19, 1937, that court ordered the defendant to pay to the plaintiff $5 per week for the support of their minor child; and that the defendant owes accrued and unpaid instalments under this decree amounting to $3820.

The demurrer to this complaint is based upon the ground, broadly stated, that under the law of the state of Maine, accrued and unpaid instalments under an order for the support of a minor child do not create a vested right in the plaintiff and that the decree, even as to instalments past due, is subject to modification and revision by the courts of that state. The point appears to be well taken.

In *German* v. *German,* 122 Conn. 155, *Kline* v. *Kline,* 13 Conn. Sup. 262, and *de Golyer* v. *de Golyer,* 13 Conn. Sup. 339, it was held that where, under the law of the state rendering a judgment for alimony or support, past due instalments are not subject to

modification but become the subject of vested rights in the plaintiff, she may maintain an action in this state for a decree ordering their payment. If, however, the decree of the foreign state is subject to alteration, revision, or modification not only as to future instalments but as to those past due, this state will not decree the payment of the latter. This distinction appears to have been recognized in *Sistare* v. *Sistare*, 218 U.S. 1.

In *Wilson* v. *Wilson*, 143 Me. 113, 118, decided in 1947, that court said: "The court has a wide power in such cases. It may increase or decrease the amount and it may make its orders retroactive. The mother has no absolute property right in unpaid installments."

Such being the law of the state of Maine, of which the courts of this state may take judicial notice (see *Tuttle* v. *Jockmus,* 106 Conn. 683), it follows that the plaintiff may not maintain the present action.

The demurrer is sustained.