COREEE W. GAGNON *v.* GERARD J. GAGNON

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 129351

Memorandum filed July 10, 1962

*Korzenik & McLaughlin,* of Hartford, for the plaintiff.

*Thomas C. Cambria,* of Middletown, for the defendant.

PASTORE, J. Plaintiff has moved for judgment in accordance with the stipulation of the parties.

The complaint is in three counts. The allegations of the first count relate to a Nevada divorce decree of December 19, 1956, between the parties whereby the present defendant was granted a divorce from the present plaintiff-wife in which, notwithstanding her appearing to be the guilty party, she was awarded alimony from the present defendant, payable weekly until she should remarry. The allegations of the second count add to this that the present defendant has no assets to satisfy the decree, or to pay the arrearage, and that the plaintiff has no remedy at law. The allegations of the third count add to all of the foregoing allegations the fact that the defendant has plans to leave the United States and the plaintiff will be without remedy unless the relief prayed for is granted.

The plaintiff prays that the Nevada decree be made the decree of this court and be enforced in the same manner as a final decree of this court; that the present defendant be ordered to pay the alimony in arrears; that the defendant be ordered to pay the plaintiff weekly alimony of $15 until she remarries; that the defendant be enjoined from leaving the United States unless and until he pays the alimony in arrears and gives security for future alimony; and for further relief as to the court may seem proper.

At the short calendar session of June 16, 1962, plaintiff moved for a judgment in accordance with the stipulation of the parties, and the court was

asked to take the papers. No claims of law were then made nor any citations filed as to pertinent issues tendered by the motion and stipulation. The court then asked for a memorandum of the claims of law and authorities supporting the same, which has been furnished by memorandum dated June 25, 1962, as on file more fully appears. From this memorandum it appears that the purpose of the present action "is to carry out the alimony provisions of the Nevada decree."

Under certain and proper circumstances, this court will enforce the alimony and support decrees of a divorce judgment of a sister state. *Sturtevant* v. *Sturtevant,* 146 Conn. 644, 646; *Koster* v. *Koster,* 137 Conn. 707, 710; *German* v. *German,* 125 Conn. 84, 86; *German* v. *German,* 122 Conn. 155, 163. Our courts have equity jurisdiction to enforce a decree for alimony made by the courts of another state. *German* v. *German,* 125 Conn. 84, 86. The power of this court to enforce a decree for alimony by proceedings in contempt is as "applicable to an equitable proceeding brought here to enforce a decree for alimony rendered in another State as to a like decree rendered by our own courts." *German* v. *German,* 122 Conn. 155, 164.

The essence of the present proceedings as brought and pleaded is not the enforcement of the Nevada decree, but that the Nevada decree be made the judgment and decree of this court, with the same force and effect and enforceable as a final judgment and decree of this court. On this basis, the enforcement remedies would then be predicated upon a judgment and decree of this court, not upon that of Nevada. To this effect is the first paragraph of the prayer of the complaint, of the first paragraph of the stipulation of the parties, and so incorporated in the proposed form of judgment. Paragraphs two and three of the stipulation appear predicated

upon the premise that a decree of this court similar to that of the Nevada decree would be entered, and paragraph four of the stipulation provides that in giving effect to the stipulation, paragraphs two and three of the stipulation should not be altered. Also, it does not appear that the lump sum payment of $300 mentioned in the stipulation is arrearage, thus permitting it to take on the aspect of an original order of this court based upon its own decree, duplicating that of Nevada.

To the extent that the motion of the plaintiff and stipulation of the parties request that the Nevada judgment or decree be made that of this state, the court regrets that it cannot agree to this proposition. One reason is that in this state divorce is the special creature of statute. *Steele* v. *Steele,* 35 Conn. 48, 54. The grounds upon which a divorce may be granted are set forth in General Statutes § 46-13. The court may grant a divorce "[o]n proof of the allegations," which are deemed to include at least one of said statutory grounds. General Statutes § 46-14. To make the Nevada decree that of this court would be tantamount to declaring the parties divorced under allegations and procedure in the instant case not within the scope of the statutory provisions, and when at the time of the divorce this court did not have jurisdiction of the parties. A second reason relates to the established policy of this state which regards marriage as a life status and indissoluble save for such causes as in effect repudiate and annul the marriage covenant. *Swist* v. *Swist,* 107 Conn. 484, 489. The state has an interest in every action where a divorce is sought. *Barton* v. *Barton,* 123 Conn. 487, 491. The status created by marriage "is one from which they cannot separate themselves by their own agreement, or by their own misconduct." *Allen* v. *Allen,* 73 Conn. 54, 55. In the instant case, there has been

no proof of the divorce decree in question, nor of the ground upon which it was granted. The copy of the decree attached to the complaint as an exhibit appears incomplete, and to the extent it purports to show it, the Nevada decree was uncontested by the present plaintiff, who waived the finding of any facts or conclusions at that time. For this court to adjudge the Nevada decree to be its own decree—which would include that of divorcing the parties—upon stipulation of the parties, would be tantamount to the entering of a divorce decree by their own consent.

So much of the plaintiff's motion and stipulation of the parties as requests this court to make the Nevada judgment its own judgment and decree is denied.

With respect to the requested and stipulated order that defendant be ordered to pay the plaintiff $300, and that defendant further be ordered to pay plaintiff weekly alimony of $12.50 until she should remarry, the motion in these respects is also denied, since for reasons previously stated these orders appear predicated upon a decree of this court duplicating that of Nevada, and not as in enforcement or modification of the foreign decree. This view of the matter makes unnecessary a consideration at this time, upon the requested weekly orders of alimony, of the effect of the failure of plaintiff to show whether the Nevada court may not itself change the orders of future alimony, as a basis for precluding an enforcement here of any future alimony payments decreed by the Nevada judgment. See *Koster* v. *Koster,* 137 Conn. 707, 712; *German* v. *German,* 122 Conn. 155, 164; *Sistare* v. *Sistare,* 80 Conn. 1, 4.

Parenthetically, at least to the extent that any such future weekly order of alimony were to be

considered as in enforcement of the Nevada decree on the basis of comity, such an order would run contrary to the public policy of this state. The complaint shows that although the present defendant-husband was granted a divorce from the present plaintiff-wife, she nevertheless was awarded weekly alimony notwithstanding she appears to have been the guilty party. Our courts have been held to have no power to assign property of a husband to a woman divorced for her own misconduct. *Allen* v. *Allen*, 43 Conn. 419, 424. That this rule expresses a public policy of this state also appears from the fact that for many years this court was given power to cause certain property of a divorced wife to revert to the husband, where the divorce was grounded upon her misconduct. General Statutes § 46-22. More lately this was extended to enable property to revert to the wife where the husband's misconduct was the cause of divorce. § 46-22a. This rule of public policy is as applicable to payment of alimony as to the matter of personal estate. For the transition of the form of alimony from its original assignment of specific property, to a sum of money, and later also to periodic payments, see *German* v. *German*, 122 Conn. 155, 161. Under certain circumstances, the entry of a decree of future alimony payments to the plaintiff, if she has been the guilty party, might well be unwarranted as in derogation of the public policy of this state.

For the foregoing reasons, the court feels compelled to deny in toto the motion of plaintiff for judgment as per stipulation.