[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Gould Larson Bennet Munro for plaintiff.
Farrell Guarino Boccalatte for defendant.
On June 18, 1993, the plaintiff who is the Zoning Enforcement Officer of the Town of Killingworth denied an application of Diane and Louise Burghardt requesting a special permit to install on their property an 18,000-gallon propane fuel tank. The proposed use included a concrete pad and piping as part of a propane distribution system used to fill propane delivery trucks. The reason given for the denial was that the use requested was "not permitted in a commercial zone according to the Zoning Regulations of the Town of Killingworth, Section 80-Commercial Districts." R. exh. 11; Tr., exh. C.
The Burghardts appealed to the Town's zoning board of appeals and, in the alternative, requested a variance which would allow the requested use. The board, although it did not act on the variance request, reversed the decision of the plaintiff and granted to the applicants the permit requested.
The plaintiff has filed a timely appeal to this court and at a hearing thereon testified regarding his actions in the subject CT Page 8055 matter in his capacity as Zoning Enforcement Officer. The court finds that the plaintiff has satisfied the jurisdictional prerequisite of aggrievement. Sec. 8-8(a), Connecticut General Statute. That statute provides in part, that an aggrieved person includes "any officer . . . of the municipality charged with enforcement of any order, requirement or decision of the board." Sec. 8-8(a)(1). The plaintiff, as enforcement officer, falls within the purview of the statute. Chirico v. Berlin Zoning Boardof Appeals, 5 CSCR 512 (1990).
It is undisputed that the subject property is located in a commercial zone. R., exh. 1. Property uses permitted in a commercial zone are set forth in Sec. 80 et seq. of the Town's zoning regulations. Sec. 80A.1 lists those uses which are permitted "as of right." They are professional offices and banks, retail service establishments such as barber shops and beauty parlors, bakeries, funeral homes, and post offices. Those uses permitted but, under Sec. 80A.2, requiring a special permit include certain retail stores, hotel, automobile service stations, theaters, certain recreational facilities, restaurants, cleaners and laundries, and bed and breakfast establishments.
The court finds that the use which the Burghardt's requested, i.e., a propane fuel distribution system, including a large propane fuel tank, concrete pad, and piping, is not permitted in a commercial zone. Although the defendant-board had in the past given its approval for installation of a 1,000-gallon tank in a hardware store to accommodate consumers wishing to fill propane tanks for gas grills, the installation of an 18,000-gallon tank facility to allow delivery trucks to refill and travel about the town making deliveries contemplated a far more expansive use of the property than the regulations allowed. While the former use may have been considered accessory (one which is "attendant, subordinate and customarily incidental to the principal use of the same lot." Sec. 20A, Zoning Regulations; R., exh. 12.), clearly the proposed use is not incidental to an already existing and permitted business, but, on the contrary, would create an entirely new wholesale distribution business which is not permitted. Were the subject property located in an industrial zone, such use would be permitted, but only then on issuance of a special permit. Sec. 90A.2(c).
Applicable to the pending dispute is language of Sec. 40A of the regulations which provides as follows: "Except as expressly and specifically permitted by these regulations, no land or CT Page 8056 improvement thereon within the Town shall be used for any purpose." Since the regulations applicable to a commercial zone do not permit the requested use, it is expressly prohibited by the quoted exclusivity language.
Pursuant to Sec. 8-6 of our General Statutes, a zoning board of appeals is empowered to hear and decide appeals from decisions of zoning enforcement officials. Such boards "are entrusted with the function of deciding, within prescribed limits and consistent with the exercise of a legal discretion, whether a regulation applies to a given situation, and the manner of its application."Molic v. Zoning Board of Appeals, 18 Conn. App. 159, 165 (1989). In making its decision the board has liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary, or illegal. Pleasant ViewFarms Development, Inc. v. Zoning Board of Appeals, 218 Conn. 265,269 (1991). The burden of proof, insofar as demonstrating that the board acted erroneously, rests with the party making such claim. Adolphson v. Zoning Board of Appeals, 205 Conn. 703,707 (1988).
"[Z]oning regulations and ordinances, being in derogation of common law, must be strictly construed and not extended by implication." Schwartz v. Planning ZoningCommission, 208 Conn. 146, 153, (1988). Not only must the words of the zoning ordinance be interpreted in accord with their natural and usual meaning, but they must, as well, be interpreted in accordance with the standard rule of statutory constructions; viz., that, where the language of the statute is clear and unambiguous, courts cannot by construction read into the statute provisions which are not clearly stated, or, a fortiori, not there at all. Id.
The defendant-board was under a duty to apply the regulations as written to the facts and to determine whether, on those facts, the regulations required a reversal of the plaintiff's decision. Lawrence v. Zoning Board ofAppeals, 158 Conn. 509 513 (1969). For whatever its reason (and, as noted, there is some evidence of historical misconception), the board chose to disregard the clear language of the regulations and to permit a use which, in the context presented, the regulations prohibited.
The adoption of zoning regulations is the sole province of the zoning commission; Sec. 8-2, Conn. Gen. Stat.; and such CT Page 8057 regulations "cannot be construed to include or exclude by implication what is not clearly within their express terms."Planning Zoning Commission v. Gilbert, 208 Conn. 696, 705
(1988). To permit this would be tantamount to allowing an appeals board to legislate by effectively amending the regulations, a function not within its province. "The power to repeal, modify or amend a zoning ordinance rests in the municipal body which had the power to adopt the ordinance, and not the zoning board of appeals." Stavola v. Bulkeley, 134 Conn. 186, 190 (1947).
The court finds that the defendant acted arbitrarily and in abuse of its discretion in overruling the plaintiff's decision. The plaintiff's appeal is sustained, and the decision. The plaintiff's appeal is sustained, and the matter is remanded to the defendant zoning board of appeals for consideration of the applicants' variance request.
The plaintiff in his appeal raises an issue regarding is the propriety of Mr. Peter Melien, an alternate member of the defendant-board, participating in the hearing. Mr. Melien, who voted to reverse the plaintiff's decision, has an ownership interest, as does his spouse, in real estate in proximity to the Burghardt property. It is the plaintiff's contention that Mr. Melien was at least indirectly interested in a personal sense in the decision to be rendered and therefore should have recused himself. Sec. 8-11, Conn. Gen. Stat. Apart from the fact that the issue was not raised until the matter was before this court, the evidence in support of a conflict of interest claim is rather inconclusive. In view of the reversal of the defendant-board's decision as above, the court declines to address the question and opines that the issue can best be resolved by Mr. Melien, should he continue as a member of the zoning board of appeals, recusing himself from any future consideration of the subject application.
GAFFNEY, J.
Judgment entered in accordance with foregoing Memorandum of Decision.
Felicia Santostefano, Assistant clerk CT Page 8058