Stephen Sanford <i>against</i> Statira Sanford.

IN ERROR.

THIS was a petition for a divorce, originally brought to the Superior Court, by the defendant in error, against the plaintiff in error.

It was stated in the petition, that the respondent was in possession of an estate, of the value of 6000 dollars. He was described as an inhabitant and resident of the city of *Albany*, in the state of *New-York*. The crime of *adultery*, was alleged, as the cause of complaint. The relief sought by the petition, was a divorce ; and also, the assignment of a reasonable portion of the husband's estate, as *alimony*.

*On granting a divorce in favour of the wife, she being the innocent party, the court will order the payment of a specific sum of money, not exceeding one third part of the husband's estate, as alimony.*

In a suit by the wife for a divorce, the husband was an inhabitant and resident of another state, during the whole time from the date of the petition, to the time of passing the decree, and had not been within the state, during the same period, and had no property within the state ; but on the hearing of the cause, he appeared by attorney, and was heard on the merits ; it was held, that the subject matter, in relation to the allowance of alimony, as well as the person of the respondent, were within the jurisdiction of the court.

Vol. V.                    U u

The petition was served, by the delivery of a copy of the process, to the respondent, personally, and by leaving a like copy, at his last place of abode, in this state.

The parties appeared by attorney ; and upon a hearing of the cause, on the merits, the court found the facts stated in the petition, to be true, generally ; and thereupon passed a decree of divorce.

The court also found, that the respondent owned and possessed an estate, of the value of 4500 dollars ; and that before, and at the date of the petition, and ever afterwards, he had been an inhabitant and resident of the state of *New-York*, and had no property in this state ; and that he had not been in this state, from the time of the date of the petition, to the time of passing the decree : Whereupon, the court decreed further, that the respondent should pay to the petitioner, by the first day of *August*, then next, the sum of 1500 dollars, being a sum not exceeding one third part of the respondent's estate, together with the sum of 23 dollars, 40 cents, for costs ; and on failure, to pay to her, as a penalty, the sum of 3000 dollars. To reverse this decree, the present writ of error was brought.

The only ground of error assigned, was, that the court decreed the payment of 1500 dollars, as alimony.

*Gould*, for the plaintiff in error.

1. The court, in their decree, relating to the subject of alimony, have not pursued the provisions of the statute. The statute, *tit.* 105. *c.* 1. *s.* 10. provides, " that it shall be in the power of the Superior Court, to assign unto any woman so separated, such reasonable part of the estate of her late husband, as, in their discretion, the circumstances of the estate may admit ; not exceeding one third part thereof." The decree, in this case, creates a specific debt in favour of the woman, against the husband. He is required to pay a certain sum of money, within a limited time, under a penalty. This, it is apprehended, is not the mode intended by the legislature. The estate of the husband, may consist wholly in lands, or partly in lands, and partly in personal property.

Upon the former supposition, the language of the statute would seem to imply, that a reasonable portion of the husband's lands, should be assigned to the woman, for her maintenance; and in the latter, that both land and personal estate should be assigned.

2. But it is contended, that alimony, in no shape, could be granted, in the present case.

The court had no jurisdiction of the subject matter, nor of the person of the respondent. Where the judgment or decree is to be enforced *in rem*, the subject is always local; otherwise, the court can have no jurisdiction. Courts of equity will take cognizance, where either the subject, or the person is within their jurisdiction; but in no other case can it be proper. 1 *Fonbl.* 34. *Anon.* 1 *Atk.* 19. The subject of alimony was, certainly, not within the jurisdiction of the court, because the property of the husband was without the state, and his person was not here.

But, it will be said, that the court had jurisdiction, as incident to the question of divorce. In reply to this argument, it is sufficient to suggest, that our statute expressly provides for cases of divorce, when the respondent is out of the state. But, although the statute, in such cases, gives the court power to grant a divorce, yet, no power is given in relation to alimony. The power to grant the former, does not, necessarily, imply any authority, whatever, in relation to the latter. If the court, in all cases, where they have power to grant a divorce, may also assign alimony; then this court may make a decree, which can be enforced in *New-York*. This is sanctioned, neither by principle nor practice.

Besides, this decree, if it can be enforced at all, must be enforced out of the state. No court will make a decree which it cannot enforce. The courts in the state of *New-York*, certainly, will not enforce it. *Jackson* v. *Jackson*, 1 *Johns. Rep.* 424. It might, with equal propriety, be claimed, that the judge of a probate district, in *Connecticut*, could assign dower, in the state of *New-York*.

*Staples*, for the defendant in error. The respondent, in this case, had actual notice of the suit. Both parties appear-

Nov. 1812.

SANFORD
v.
SANFORD.

ed, and were heard, before the court. It is perfectly immaterial, whether the respondent appeared by attorney, or in person. It is sufficient, if he appeared and answered to the cause. The statute makes provision relative to notice in such cases ; and the notice having been duly given, the party, for all purposes, must be considered as within the jurisdiction of the court.

There can be no question as to jurisdiction, in relation to the power of granting a divorce. The court, therefore, must, necessarily, go through, and allow alimony. The allowance of alimony, is inseparably connected with the divorce. Without this power, the court could not do justice between the parties. Indeed, there would be a failure of justice.

The form of the decree, is consistent with our practice. Suppose, the property of the respondent to be in *cash*, and in his pocket, no other mode could be adopted, than the one pursued. This court will presume the existence of such a state of facts, as will sustain the decree.

The argument, that the decree is useless to the petitioner, comes with an ill grace from the respondent. To say the least, it can do him no injury.

BRAINARD, J. (After stating the case.) This record presents two questions, for the consideration of the court.

1. Whether it is competent for the Superior Court, in any case, on granting a bill of divorce, to decree to the wife, she being the innocent party, the payment of a specific sum of money, as alimony ? And if so,

2. Whether it was competent for the court to do this, in the present case ?

The words of the statute, in relation to this subject, are, " and it shall be in the power of the Superior Court, to assign to any woman so separated, such reasonable part of the estate of her late husband, as in their discretion, the circumstances of the estate may admit ; not exceeding one third part thereof." This statute is ancient ; for the original phraseology was, " it shall be in the power of the Court of Assistants, to assign," &c. The Court of Assistants was superseded by

the establishment of the Superior Court, in *May*, 1711. This particular section has long received a practical construction, by which, whatever doubts I might have, were the statute of recent date, I now feel myself bound.

The Superior Court, in granting a bill of divorce to the wife, she being the innocent party, have, where the situation of the estate would not, literally, admit of an assignment of a part, uniformly decreed the payment of a sum of money. This practical construction seems, clearly, to be within the equity of the statute ; the object of which was, a reasonable allowance to the innocent and unfortunate wife, out of the estate of an offending and unprincipled husband. A different construction would put it in the power of the husband, owning a large real estate, for the purpose of defrauding an injured and distressed wife, to dispose of the whole, convert it into money, and leave nothing for the decree to operate upon.

The second question arises from the objection, that it is not competent for the court, in this case, to grant alimony, for want of jurisdiction ; that the court proceeded as a court of chancery, and that neither person nor property was within its jurisdiction. It is true, that a court of chancery must have, at least, either one or the other. A court of chancery cannot, any more than a court of admiralty, act without having the power to enforce its decrees.

In the anonymous case, 1 *Atk.* 19. the lord *Chancellor* says, " I have no power over the persons of foreigners, any longer than while they are in *England ;* but I can lay my hand on any property they may have here." And in the case of *Penn* v. Lord *Baltimore*, 1 *Ves.* 454. lord *Hardwicke* says, " It is no objection against making a decree, because the court cannot enforce *in rem*, for the strict primary decree of a court of chancery, is *in personam*."

It is true, the court find " that the said *Stephen*, before, and at the date of said petition, was, and ever since has been an inhabitant and resident of the state of *New-York*, and had no property in this state ; and that he had not been in this state, from the date of the petition, to the time of the decree, and was not then." But it appears, that he had actual and personal notice of the process, by receiving a true copy of

the petition. And the record further says, " that the parties respectively appeared, and were fully heard," &c.

It is true, that the respondent was not in custody. The court could not, therefore, exercise upon him, an actual, sensible tangibility. But he appeared in court, by attorney, answered to the cause, submitted to the jurisdiction, and proceeded to a hearing on the merits ; which, I apprehend, is conclusive upon him.

The case of *Jackson* against *Jackson,* cited in the argument, from 1 *Johns. Rep.* 424. according to the impression I then received, for I have not seen it since, concludes nothing. That decision rests on the ground, that the decree of divorce obtained in *Vermont,* was void *in toto,* as being a fraud on the law.

Judgments founded on process of *foreign attachment,* acts operating *in rem,* are not conclusive. But, with the decision in the case of *Hitchcock & Fitch* against *Aicken,* 1 *New-York Term Rep.* 460. I was never satisfied. With great deference for the court, which I certainly have, the opinion of the minority, in my view, contains the better reasoning. The criterion ought to be, has there been a full defence ?

In the present case, the respondent was not merely nominally in court ; he was actually in court, like any other suitor, by his counsel, an officer of the court, duly retained in the cause. This gave the court jurisdiction, as a court of chancery, to pass a decree *in personam.* And it is no objection, that the decree cannot be carried into effect. The only question is, was it properly made ? There may be a natural cause why it cannot be executed. A man may be a bankrupt, or a knave, and abscond, with all his property.

It must be conceded, on all hands, that the court had jurisdiction of the cause. The parties were heard upon its merits. It must, therefore, be competent for the court to decide upon it ; and in deciding, to pass such decree as the nature of the case requires.

I am of opinion, therefore, that there is no error.

The other Judges, severally, concurred.

Judgment affirmed.