FRANCES C. BENEDICT *vs.* THOMAS C. BENEDICT.

New Haven & Fairfield Cos., Jan. T., 1890. ANDREWS, C. J., CARPEN-
TER, LOOMIS, TORRANCE and FENN, Js.

It is provided by Gen. Statutes, § 2807, that the Superior Court may assign
to any woman divorced by the court, part of the estate of her husband,
not exceeding one third. In a suit by a wife against her husband for
a divorce and for alimony, in which it appeared that the husband's
property was almost wholly real estate, and the court found that a di-
vision of it was impracticable and not for the interest of either party,
it was held that the court might properly order the payment of the
alimony in money.

[Argued January 22d—decided February 17th, 1890.]

SUIT for divorce and alimony; brought to the Superior Court in Fairfield County and heard before *Phelps, J.* Facts found and divorce granted, with an order for the payment in money of a sum fixed as alimony. The defendant appealed. The case is fully stated in the opinion.

*H. W. Taylor* and *F. B. Hungerford*, for the appellant.

*S. Tweedy*, for the appellee.

TORRANCE, J. In this case, upon the complaint of the wife asking for a divorce and alimony, the court granted the divorce, and adjudged that a certain sum of money should be paid as alimony.

The reasons of appeal filed in the case contain ten assign-

ments of error, but before this court the defendant aban-doned all the assigned errors except that relating to the award of alimony.

Upon this matter of alimony the court below found as follows : " That at a very low estimate the defendant's estate is of the value of $28,500, of which only about $1,000 is in personal property, and that the sum of $9,500 is a reasonable portion thereof to award and assign to the plaintiff as alimony, and that the nature and condition of the defendant's estate are such that a division or partition of the real estate is impracticable and not for the interest of either party."

Upon this state of facts the defendant claimed, as a matter of law, "that the court should, in accordance with the provisions of the statute, set out to the plaintiff as alimony a certain portion of the defendant's real estate." The court below refused to comply with this claim and adjudged that the defendant should pay said sum of nine thousand five hundred dollars as alimony.

The statute referred to in the defendant's claim reads as follows—" The Superior Court may assign to any woman so divorced part of the estate of her late husband, not exceeding one third." Gen. Statutes, § 2807. More than three quarters of a century ago, the Supreme Court of this state, in deciding the case of *Sanford* v. *Sanford*, speaking of this statute through BRAINARD, J., said :—" This particular section has long received a practical construction, by which, whatever doubts I might have were the statute of recent date, I now feel myself bound. The Superior Court, when granting a bill of divorce to the wife, she being the innocent party, has, when the situation of the estate would not literally admit of an assignment in part, uniformly decreed the payment of a sum of money. This practical construction seems to be clearly within the equity of the statute, the object of which was a reasonable allowance to the innocent wife out of the estate of an offending and unprincipled husband." *Sanford* v. *Sanford*, 5 Day, 357.

In *Lyon* v. *Lyon*, 21 Conn., 198, this court, in speaking of the award of alimony, said :—" When his property con-

sists of real or ordinary personal estate which can be specifically divided, the court will, itself, or by a committee appointed for that purpose, apart to her such portion of his property as is assigned to her by the decree. When it consists of property which is not capable of such a division, such as money in his hands, the court determines the sum which the wife shall receive and directs the husband to pay it to her within such time as it shall deem reasonable."

In the case at bar the court below expressly finds from the nature and condition of the defendant's estate a division or partition of the real estate is impracticable and against the interest of both parties. This is equivalent to a finding that the estate of the defendant is incapable of a specific division or assignment. Under such a state of facts the practice of awarding alimony in money has received the approval of this court in the cases of *Sanford* v. *Sanford* and *Lyon* v. *Lyon,* above cited, and, so far as we know, has the sanction of a constant, uniform and immemorial usage; and although practice cannot alter the law, "yet where it has been long continued and unquestioned it affords high evidence of what the law is." *Huntington* v. *Birch,* 12 Conn., 149.

In view then of the facts found and of the construction heretofore put upon the statute in question, we think the Superior Court was not legally bound to do that which it had found to be impracticable, and which if done would have been against the interest of both the plaintiff and the defendant.

There is no error in the judgment of the court below.

In this opinion the other judges concurred.