[No. 39236.    Department Two.    August 15, 1968.]

JEAN G. PUGEL, *Appellant,* v. STANLEY L. PUGEL, *Respondent.*\*

*Jonson & Jonson,* for appellant.

*Dore, Dubuar & Cummins, Fred H. Dore,* and *David C. Cummins,* for respondent.

PER CURIAM.—The plaintiff wife appeals from a judgment in a divorce action. The only issue on appeal is whether the property distribution was fair and equitable. Appellant was awarded a divorce, the custody of the three children, aged 13, 9 and 5, and also one-half of the community assets, her share being in the approximate amount of $16,000, consisting of household goods, an automobile, and cash produced by a division of the proceeds from the court-ordered sale of

*Reported in 444 P.2d 783.

the family home. The respondent husband was required to pay alimony in the amount of $90 per month for 6 months and child support of $210 per month. Respondent was required to provide all of the children's medical and dental needs and to designate them as beneficiaries of his life insurance and retirement programs during their minority. In addition, respondent paid appellant's attorney's fees in the amount of $550. Appellant has been allowed to live in the house rent free, pending this appeal.

Appellant, who was 45 years of age, was unemployed at the time of the divorce, but had worked from 1942 to 1952 with a GS-5 rating for the United States Government in a supervisory capacity and was making $450 per month when she terminated her employment. During her separation from respondent, appellant attended vocational school to refresh and improve her stenographic capabilities. The respondent is an engineer employed by the United States Army Corps of Engineers and earns a gross annual income of $10,718.

The appellant contends that a fair and equitable distribution of the property would require the award of the home to her subject to an incumbrance of approximately $5,000, rather than a division of the proceeds from its sale.

■ We have repeatedly and consistently held that we will not substitute our judgment for that of the trial court as to the disposition of property in a divorce action in the absence of a manifest abuse of a wide discretion by the trial court. *Morris v. Morris*, 69 Wn.2d 506, 419 P.2d 129 (1966); *Mumm v. Mumm*, 63 Wn.2d 349, 387 P.2d 547 (1963); *Friedlander v. Friedlander*, 58 Wn.2d 288, 362 P.2d 352 (1961); *High v. High*, 41 Wn.2d 811, 252 P.2d 272 (1953).

We perceive no abuse of discretion by the trial court in the instant matter. We believe, however, that the trial court overlooked inclusion of finding of fact No. 6 in its decree. A nunc pro tunc order correcting its decree to include finding of fact No. 6 should be entered by the trial court.

The judgment is affirmed.