LOUIS PASQUARIELLO *v.* SUSAN PASQUARIELLO

HOUSE, C. J., LOISELLE, MACDONALD, BOGDANSKI and LONGO, Js.

Argued April 3—decision released June 17, 1975

*Irving H. Perlmutter,* for the appellant (defendant).

*Charles M. Needle,* for the appellee (plaintiff).

House, C. J.  This is an appeal from a judgment of a state trial referee, sitting as a court, granting a dissolution of marriage; awarding alimony, and dividing property of the parties.  The action was initiated as a divorce action by the husband who, by substituted complaint, thereafter sought a dissolution of the marriage pursuant to the provisions of Public Act No. 73-373 on the grounds that the marriage had broken down irretrievably.  The wife cross-complained, alleging intolerable cruelty and claiming a divorce, alimony, counsel fees, and an assignment of such portion of the plaintiff's estate as to the court should appear to be "just and equitable."  The court in its judgment dissolved the marriage on the ground that it had broken down irretrievably, awarded the wife alimony of $100 per week, and ordered the sale of jointly owned

real estate and a division of the proceeds of the sale, and a division of other properties. From that judgment the defendant wife has appealed to this court.

Among the assets of the parties was a jointly owned residence at 330 King's Highway, North Haven. The fair market value of the property was approximately $65,000. There was no mortgage on the property, the defendant having paid the mortgage debt in 1972 from the proceeds of a $7700 loan from her mother. The defendant, on appeal, has pursued the sole issue of whether the court erred in including in its judgment the following order: "And that the parties shall sell the real estate located at 330 King's Highway. From the proceeds of the sale (a) all taxes due on the property shall be paid; (b) the defendant shall be reimbursed $7700, the amount of the mortgage payment she made to the mortgagee; and (c) the balance of the proceeds from the sale of the property shall be divided equally between the parties." The defendant has assigned error to that portion of the judgment claiming that, insofar as the court ordered the sale of the property and division of the proceeds of the sale, the order was rendered without any statutory or common-law authority of the court to do so.

The statutes which governed the proceedings in this case were enacted as Public Act No. 73-373, now General Statutes §§ 46-32—46-64b. Section 46-51, governing the specific issue pressed on the appeal, is entitled "Assignment of property" and reads, in pertinent part, as follows: "At the time of entering a decree annulling or dissolving a marriage . . . the superior court may assign to either the husband or wife all or any part of the estate

of the other." Section 46-52 provides for the award of alimony to either party and that such alimony may be awarded in addition to or in lieu of property assigned pursuant to § 46-51. Alimony and property assignments are thus now covered by two separate statutes. This was not the case prior to the enactment of Public Act No. 73-373. Under the former statute, both the assignment of property and the award of alimony were covered by one section, § 46-21, which was entitled "Alimony and change of name." Thus, in the earlier opinions of this court and in the decisions of the trial courts little or no distinction in nomenclature was made between property assigned by the court to a wife in a divorce proceeding and periodic or lump sum payments of money ordered to be paid. As a consequence of the title of and language in § 46-21 and its predecessors, the tendency was to consider and label as alimony anything so awarded or assigned. This inexactitude in terminology also undoubtedly arose from the circumstance that from early times any such award or assignment was made pursuant to the authority of the statutes which authorized the courts "to assign to any woman so separated, such reasonable part of the estate of her late husband, as in their discretion, the circumstances of the case may admit; not exceeding one-third part thereof." This power to "assign" was of ancient origin "for the original phraseology was, 'it shall be in the power of the Court of Assistants, to assign,' etc. The Court of Assistants was superseded by the establishment of the Superior Court, in May, 1711." *Sanford* v. *Sanford,* 5 Day 353, 357; see also *Lyon* v. *Lyon,* 21 Conn. 185, 197. As this court observed in the *Sanford* case (p. 357): "This particular section has long received a practical con-

struction . . . . The Superior Court, in granting a bill of divorce to the wife, she being the innocent party, have, where the situation of the estate would not, literally, admit of an assignment of a part, uniformly decreed the payment of a sum of money. This practical construction seems, clearly, to be within the equity of the statute." Subsequently, by legislative action, an order for periodic payments was expressly authorized. See *German* v. *German,* 122 Conn. 155, 161, 188 A. 429; *Cary* v. *Cary,* 112 Conn. 256, 259, 152 A. 302; *Benedict* v. *Benedict,* 58 Conn. 326, 20 A. 428; *Sanford* v. *Sanford,* supra.

Although provisions for assignments of property and awards of alimony are now contained in separate statutes, the standards by which courts determine the amount of property assigned and alimony awarded are the same. See and compare General Statutes § 46-51 with § 46-52. The distinguishing characteristic of property assignment is the court's duty to consider the "contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates." General Statutes § 46-51.

Under the former statutes, we have repeatedly held that the trial court, in a divorce action, has wide discretion in the type and amount of alimony awarded; *Krieble* v. *Krieble,* 168 Conn. 7, 8, 357 A.2d 475; *Baker* v. *Baker,* 166 Conn. 476, 488, 352 A.2d 277; *Wood* v. *Wood,* 165 Conn. 777, 783, 345 A.2d 5; and property transferred. *LaBella* v. *LaBella,* 134 Conn. 312, 318, 57 A.2d 627. Such judicial discretion, however, is always a legal discretion exercised according to the recognized principles of equity. *Thomas* v. *Thomas,* 159 Conn. 477, 480, 271 A.2d 62; *Hammerberg* v. *Leinert,* 132 Conn. 596, 604, 46 A.2d 420.

The judicial standards · of review which have developed pertaining to awards of alimony are equally applicable to assignments of property. "An abuse of judicial discretion will be reviewed on appeal in this as in other cases, but trial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant." *LaBella* v. *LaBella, supra,* 318. " 'The action of the trial court is not to be disturbed unless it abused its legal discretion, and "[i]n determining this the unquestioned rule is that 'great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness.' *Dudas* v. *Ward Baking Co.,* 104 Conn. 516, 518, 133 A. 591 ·. . . ." *Ardoline* v. *Keegan,* 140 Conn. 552, 555, 102 A.2d 352.' *Camp* v. *Booth,* 160 Conn. 10, 13, 273 A.2d 714. In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. *E. M. Loew's Enterprises, Inc.* v. *Surabian,* 146 Conn. 608, 611, 153 A.2d 463." *DiPalma* v. *Wiesen,* 163 Conn. 293, 298, 303 A.2d 709.

While an action for divorce or dissolution of marriage is a creature of statute, it is essentially equitable in its nature. *Stoner* v. *Stoner,* 163 Conn. 345, 356, 307 A.2d 146. As we said in *German* v. *German, supra,* 160: "In New York State as with us, divorce, with its incident of alimony, is a creature of statute. *Ackerman* v. *Ackerman,* 200 N.Y. 72, 76, 93 N.E. 192; *Cary* v. *Cary,* . . . [supra, 258]. It does not, however, follow that an action for divorce is one at law. The Legislature can create equitable rights and provide equitable remedies as

well as it can those cognizable in the law courts. Obviously the relief given in a divorce action is not such as could be granted in a common-law court but is essentially equitable in its nature." The fact that equitable and legal rights have come to be administered by a single court does not change the nature of the decree. *German* v. *German,* supra, 162.

The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage. Without this wide discretion and broad equitable power, the courts in some cases might be unable fairly to resolve the parties' dispute, i.e., where the sole asset of the parties is their residence to which both have contributed. Equity certainly does not contemplate such a result. Clark, Domestic Relations § 14.8. Equity jurisdiction once obtained will be retained for the purpose of administering complete relief. *Seymour Water Co.* v. *Horischak,* 149 Conn. 435, 442, 181 A.2d 112; *Clipfel* v. *Kantrowitz,* 143 Conn. 184, 188, 120 A.2d 416. Other courts, guided by a statutory standard of fairness and equity, have ordered the sale of the residence of the parties to a divorce. *Pugel* v. *Pugel,* 74 Wash. 2d 281, 444 P.2d 783; *Ciulla* v. *Ciulla,* 253 S.W. 643 (Tex. Civ. App.); *Caplan* v. *Caplan,* 38 App. Div. 2d 572, 328 N.Y.S.2d 364; see also 24 Am. Jur. 2d, Divorce and Separation, § 931; 27B C.J.S., Divorce, §§ 292 (1), 294 (6).

The power to act equitably has allowed the court on occasion to order a party to change his group life insurance policy to include his wife as an irrevocable beneficiary; *Thomas* v. *Thomas,* supra, 482; pay to third parties accounting fees and inves-

tigatory fees; *Stoner* v. *Stoner,* supra, 357; pay the expenses of an appeal; *Thomas* v. *Thomas,* supra, 488–89; *Krasnow* v. *Krasnow,* 140 Conn. 254, 261–63, 99 A.2d 104. These powers, although not expressly given to the court by statute, have been held to be inherent powers of the trial court in actions for divorce or dissolution of marriage. *Stoner* v. *Stoner,* supra; *Krasnow* v. *Krasnow,* supra.

The plaintiff in the present case is a forty-seven-year-old, self-employed, electrical contractor who has worked at his business ten to twelve hours a day for the last ten years. The defendant is forty-nine years old and had worked for several years during their marriage but has not worked since 1960. The plaintiff and defendant have no children. The dissolution of the marriage was bitterly contested at trial. The major assets of the parties consisted of their residence, two bank accounts of $12,910.26 and $7,476.23, and a car. By far, the most substantial asset was their residence on 330 King's Highway which was valued at approximately $65,000. These assets were ordered divided as follows: The plaintiff was to assign his interest in the car to the defendant. The funds in the two bank accounts were divided equally between the parties and the residence was ordered sold, the defendant reimbursed $7700—the amount of the mortgage principal she paid—and the remainder divided equally between the plaintiff and defendant.

If we were to hold, as the defendant asks, that the court was without the authority to order the sale of the house, the court would be severely restricted in granting the "just and equitable" relief which the defendant herself claimed. The court in such a situation would be forced either to assign the

residence to one or the other of the parties, a clearly inequitable and unfair result in this case, or to leave the parties as common owners of the property which would be an impractical solution and result in the necessity of further legal action.

The court's authority not only to order the conveyance of real property but by decree itself to pass title to real estate is undoubted. See General Statutes § 52-22. In light of this and the inherent equitable powers of the court, we conclude that under the circumstances of this case the court did not exceed its equitable powers nor abuse its discretion in entering the decree as it did.

There is no error.

In this opinion the other judges concurred.