[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: REQUEST TO LIEN
This matter came before the court on a Motion for Contempt brought by the defendant against the plaintiff herein alleging and arrearage of alimony and child support. The court found an CT Page 2125 arrearage of $18,245.00. At the time of this finding, the court was informed by the defendant's attorney that a foreclosure sale had taken place on the marital residence and the proceeds of said sale had been deposited with the clerk of the court for the Waterbury Judicial District and the parties were awaiting a determination of priorities by Zoarski, J. This court on December 6, 1991 ordered whatever proceeds due either the plaintiff or the defendant were to be held by the clerk until such time as the court determines any arrearage that might be due the defendant.
The defendant now requests the court to lien any proceeds due the plaintiff up to and including the sum of $18,245.00.
The plaintiff alleges that the defendant has at no time filed any written pleadings relative to the request to lien and that all pleadings must be filed in writing with the court before the court can proceed.
It is alleged by the defendant's attorney that the plaintiff has removed himself from the State of Connecticut and if he were allowed to gain access to these funds and absent himself from the jurisdiction of the court then the integrity of the court's orders relating to alimony and support would be at risk, raising the specter of the need of the defendant and her children to seek assistant from the State of Connecticut.
Our Appellate Court in the matter of LeBow v. LeBow, 13 Conn. App. 330,351, quoted the following: "The paramount role of a court when considering domestic relations cases is one of `a court of equity'. The court's equity powers are essential to its ability to fashion the appropriate relief in domestic relations cases. `The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage. Without this wide discretion and broad equitable power, the courts in some cases might be unable to resolve the parties' dispute. . . . These powers, although not expressly given to the court by statute, have been held to be inherent powers of the trial court . . .'." Pasquariello v. Pasquariello, 168 Conn. 579, 585-586, 362 A.2d 835 (1975).
It would seem that if the plaintiff were allowed to remove himself from the jurisdiction of this court and then be allowed to withdraw funds of his which had been deposited in the Superior Court but in another venue then the public policy of ensuring the support of the minor children and the defendant would be defeated.
This court finds that there is a sufficient pleading before the court for it to exercise its inherent equitable power and grants to the defendant a lien upon the resources of the plaintiff deposited with the clerk of the Superior Court for the Judicial CT Page 2126 District of Waterbury.
THE COURT CURRAN, JUDGE