[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On January 15, 1999, the marriage of the parties was dissolved by decision of Judge Harrigan. Judge Harrigan ordered, in part, that property of the parties located at 17 Ridge Tree Lane, Stamford, Connecticut, be sold and that, from the proceeds of the sale, the Defendant receive $20,000 plus one half of the net proceeds after payment of the parties' joint credit card bills. The Plaintiff filed a notice of appeal, which he did not pursue.
The Plaintiff has obstructed efforts to market and sell the property for an extended period.
After extensive efforts by the Defendant, the parties received an offer to purchase the property in November 1999. This transaction did not proceed because of a cloud on the title. Resolution Trust Company, Corporation, (Resolution Trust Co.) successor to the mortgagee bank, claimed that the debt had not been paid and challenged the validity of a release recorded at the time the Plaintiff received title from his father. CT Page 4708
"A Notice Regarding Erroneous Filing of Release of Mortgage" was filed on the Stamford Land Records. Resolution Trust Co. has not brought suit to foreclose and the Plaintiff does not want to initiate litigation which could result in a judgment against his father.
After Judge Harrigan's decision on January 15, 1999, the Plaintiff continued to occupy the subject premises. He agreed to vacate by September 1, 1999, but failed to do so, and items of his personal property still remain at the property. The Plaintiff agreed, but has failed, to pay use and occupancy of $4,350 for the period of April 29, 1999 through September 1, 1999. As a result of the Plaintiff's improper actions, and failure to act as required, the Defendant has been forced to incur legal fees.
This court has retained jurisdiction to effectuate the sale of the property, and has broad powers to fashion relief to accomplish this end.
 "The power to act equitable is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage. Without this wide discretion and broad equitable power, the courts in some cases might be unable fairly to resolve the parties' dispute. . . . Equity jurisdiction once obtained will be retained for the purpose of administering complete relief" Pasquariello vs. Pasquariello, 168 Conn. 579, 585 (1975).
In light of the history of the Plaintiff's action and the present title issues, it is hereby ordered as follows:
 (1) The Defendant shall take such actions as are necessary to commence, and pursue to judgment, an action to quiet title to the 17 Ridge Tree Lane, Stamford, Connecticut property. Both parties thereafter, shall immediately take all necessary actions to sell said property.
 (2) Plaintiff shall, within 30 days, pay to the Defendant the sum of $5,000 to be applied toward a retainer for an attorney, to be selected by the Defendant, to prosecute a quiet title action regarding the subject property. The parties shall be equally liable for any and all fees and expenses associated with regard to said action, and shall likewise be entitled to share equally in any refund regarding the same.
 (3) Plaintiff shall pay, within 30 days, the sum of $5,000 for legal fees incurred by the Defendant as a result of his failure to comply with the sale of the property.
 (4) The Plaintiff shall, within 14 days, pay to the Defendant the sum of $4,350 as agreed use and occupancy for the premises for the period of April 29, 1999 through September 1, 1999, and shall remove, no later than March 31, 2000, any of his personal property from the property.
 (5) The Defendant shall obtain $500,000 fire and one million dollars liability insurance respectively for the property, and the Plaintiff shall pay to the Defendant, immediately upon receipt of a copy of the bill, one half of the cost.
 (6) The Plaintiff shall, within 90 days, by way of surety bond or otherwise, remove or have removed the attachment of jewelry by Jose Grant, Inc., on the property.
 (7) The Plaintiff shall pay, on or before March 31, 2000, the Defendant $3500 for reasonable use and occupancy of the property for the period of September 1, 1999 through March 31, 2000. In addition, the Plaintiff shall pay to the Defendant the sum of $10,000 on or before May 30, 2000 or the date of closing, whichever comes first, for repairs necessary as a result of the Plaintiff's use and abuse of the property.
 (8) The court shall retain jurisdiction to accomplish all of said orders.
HILLER, J. CT Page 4709