[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION/CLARIFICATION OF JUDGMENT DATED MARCH 7. 2000
The plaintiff Sylvia Rivera filed a motion to modify and/or clarify the judgment dated March 7, 2000. The plaintiff seeks a clarification as to the withdrawal of money from a pension plan in full. The plaintiff is a pro se party who has represented herself throughout the pendency of this action. While inartfully drawn, the plaintiff's motion seeks clarification as to her ability to withdraw money from a pension plan pursuant to Qualified Domestic Relations Orders dividing the defendant Matthew Rivera's pension plan as a city employee of the City of Hartford by judgment of August 12, 1998.
By way of background, the parties entered into an agreement dated CT Page 8033 August 12, 1998 which in part read as follows:
 "3. The plaintiff, Sylvia Rivera, shall receive onehalf (1/2) the current value of the defendant, Matthew Rivera's pension payable in lump sum at the earliest date withdrawal is allowed under the pension plan." (See Agreement dated August 12, 1998)
Said agreement was incorporated into the judgment as additional orders of the court on August 13, 1999.
From August 13, 1999 up and through the date of the plaintiff's filing of the Motion for Modification/Clarification, the parties did not submit Qualified Domestic Relations Orders acceptable to the plan administrator for signature of the court. The parties had difficulty submitting a Qualified Domestic Relations Order acceptable to the plan administrator that complied with the terms of paragraph 3 of the agreement.
The court heard testimony from the plaintiff and Thomas Cox, Attorney for the City of Hartford Pension Commission. After hearing the testimony and reviewing the exhibits the court concludes that the parties agreed to an equal division of the pension benefits available to the defendant valued as of August 13, 1998. Both parties agreed that Sylvia Rivera, the plaintiff would be able to obtain a lump sum payment for her one-half of the pension benefits at the earliest date withdrawal is allowed under the pension plan. It is also clear from the evidence that both parties were unaware at the time of the judgment that the defendant had a vested accrued benefit and an unvested accrued benefit as of the date of the judgment incorporating their agreement as an additional order.
The court learned through the testimony of Thomas Cox, Attorney for the City of Hartford Pension Commission, that the defendant had a vested accrued benefit from the date of his hire through October 25, 1994. He testified that the total value of said vested accrued benefit through the date of the parties dissolution of marriage, i.e. August 13, 1998 totals $46,288.94. He further testified that one-half of said accrued benefit equals $23,144.47. He also testified that said amount was available at the time of judgment to the plaintiff by way of a properly drafted Qualified Domestic Relations Order.
Mr. Cox further testified that the defendant was not considered an employee of the Police Department of the City of Hartford from October 25, 1994 through to his return to work date of October 16, 1997. He stated that additional contributions had been made to the plan from his return to work dated October 16, 1997 through August 13, 1993 the date of the dissolution judgment. However, said benefits are not vested for CT Page 8034 purposes of a Qualified Domestic Relations Order, i.e. the defendant is required to work ten years before said benefits are vested accrued benefits subject to a Qualified Domestic Relations Order.
The court, with the aid of the testimony of Mr. Cox, finds that the total value of the contributions paid into the pension plan on behalf of the defendant from his return to work date of October 16, 1997 through August 13, 1998 (the date of the dissolution of the marriage) totals $4,269.71. One-half of said benefits equals $2,134.86. The court further finds that said sum was not available for distribution to the plaintiff and/or the defendant at the time of the dissolution of the marriage. Said fact, however, was not known by the plaintiff and/or the defendant at the time of the dissolution and more importantly. Said fact was also not brought to the attention of the court who canvassed the parties and accepted the agreement and incorporated it into the judgment as further orders of the court. The defendant may obtain his contribution to the unvested portion of his pension plan upon (1) separation from service prior to the ten year anniversary date and/or (2) his death. Said pre-vesting payment contingencies were not known by the parties nor were they brought to the attention of the court at the time of the dissolution.
The plaintiff is left with the value of $2,134.86 in a nonvested pension benefit. The court further finds she can be divested of said interest if the defendant dies and the defendant's contributions into this portion of his pension plan are still unvested at the time of his death. His contributions can be used to pay administration expenses or inherited by others under the laws of intestate succession or as named in his will.
The court concludes that both parties operated under a mutual mistake of fact at the time they entered into the contract which was incorporated into the judgment as part of the orders of the court on August 12, 1998. The court, based upon its equitable powers, hereby reforms the contract and modifies the judgment finding that the defendant presently owes the plaintiff the sum of $2,134.86. Pasquariello v. Paspuariello, 168 Conn. 579
(1975); Niles v. Niles, 9 Conn. App. 240 (1986). The plaintiff should not be subject to, potential divestiture of said sum do to the defendant's termination from employment prior to the ten year vesting period and/or untimely death.
The court must determine an agreement to be fair and equitable prior to incorporating it into the judgment 46b-66, North v. North, 183 Conn. 35
(1981). The court was not presented with the necessary facts required to make an informed decision as to whether to incorporate the provisions of paragraph three of the separation agreement as written. The court must CT Page 8035 fashion an appropriate remedy in the present controversy to protect the integrity of the judgment. Niles, supra.
Based upon the financial affidavits submitted by the parties and testimony presented at the hearings, the court orders the defendant to pay the sum of $25.00 per week by immediate wage garnishment to the plaintiff until the sum of $2,134.86 is paid.
WHEREFORE, the court grants the defendant's Motion to Clarify the Judgment requiring the court to reform the contract of the parties which was the basis of the pension division and, within its equitable powers, orders the defendant to pay $25.00 per week until the sum of $2,134.86 is paid.
Devine, J.