## DONNA M. MCCARTHY *v.* VINCENT P. MCCARTHY
### (AC 19600)

Lavery, C. J., and Schaller and O'Connell, Js.

Submitted on briefs September 12—officially released November 7, 2000

*Ann-Louise Lohr* filed a brief for the appellant (defendant).

*John P. Febbroriello* filed a brief for the appellee (plaintiff).

*Opinion*

SCHALLER, J. The defendant, Vincent P. McCarthy, in this action for the dissolution of a marriage appeals from the judgment of the trial court allocating the value of his federal tax exemptions to the plaintiff, Donna M. McCarthy. The dispositive issue is whether the court improperly ordered the defendant to compensate the plaintiff for any tax exemptions transferred to the defendant. We affirm the judgment of the trial court.

The following facts and procedural history are necessary for a proper resolution of this appeal.[1] The parties' marriage was dissolved on September 11, 1995. The memorandum of decision addressed issues of visitation, child support and alimony, but did not address the issue of the allocation of federal tax exemptions.[2] The court, *Shortall, J.*, first addressed tax exemption considerations on April 29, 1997. At that time, the court ordered, for the five dependent exemptions available for the parties' five minor children, that the defendant "claim four of the children as exemptions for 1996, and that the plaintiff claim one of the children, provided that the defendant pay the plaintiff $852 within 30 days of this date."[3]

On August 13, 1998, the defendant filed a second motion to allocate tax exemptions for tax year 1997. The court, *Pellegrino, J.*, in its January 26, 1999 decision, ordered that "the parties determine for taxable year

___

[1] A more detailed procedural history of this case may be found in the opinions related to the parties' prior appearances before this court. See *McCarthy* v. *McCarthy*, 55 Conn. App. 326, 752 A.2d 1093 (1999), cert. denied, 252 Conn. 923, 752 A.2d 1081 (2000); *McCarthy* v. *McCarthy*, 44 Conn. App. 930, 692 A.2d 869, cert. denied, 241 Conn. 916, 696 A.2d 986 (1997).

[2] A taxpayer who supports dependents is allowed a dependent tax exemption, provided certain conditions are met. See 26 U.S.C. §§ 151, 152 (1994 & Sup. II 1996). The parties in this case have four dependent children, thus four tax exemptions.

[3] One of the five children has reached the age of eighteen and no longer falls within the court's child support orders.

1997 the most efficient use of the federal tax exemptions to accomplish a zero tax expense to the plaintiff with the defendant reimbursing the plaintiff for any actual taxes she might be obligated to pay with taking the exemptions necessary to minimize her tax and yet allowing the defendant to utilize the remaining exemptions."

On February 1, 1999, the plaintiff filed a motion to reargue, claiming that she should be reimbursed for any tax refund to which she would be entitled had she retained all four federal tax exemptions. The court, *Pellegrino, J.*, heard the motion on April 27, 1999, and ordered that in return for the use of the exemptions, the defendant pay the plaintiff the amount of the tax refund she would have received had she used the exemptions.[4] The defendant appeals from that order.

The defendant claims that the court improperly ordered the defendant, a noncustodial parent and the sole source of financial support to the children, to compensate the plaintiff for any tax liability she incurs as a result of not claiming the dependent tax exemptions. The plaintiff responds that the record is not adequate to review this issue or, in the alternative, that Judge Pellegrino's April 27, 1999 decision modifying the original order should be reviewed under an abuse of discretion standard. We conclude that the order was not improper.

As stated by our Supreme Court when confronted with the question of whether a court may allocate tax exemptions, "actions for dissolution of marriage are

---

[4] The court expressed its reasoning as follows: "Mr. McCarthy, that was my intent. My intent to be equitable would be, she would, she would take advantage of the four deductions and she'd get certain moneys back. But you would take more advantage, better advantage of them because your income is more so that if you paid her what she would have received back plus her tax liability—and you would get whatever the difference would be. That was the way I did it."

inherently equitable proceedings." *Serrano* v. *Serrano*, 213 Conn. 1, 12, 566 A.2d 413 (1989). "The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage. Without this wide discretion and broad equitable power, the courts in some cases might be unable fairly to resolve the parties' dispute . . . ." *Pasquariello* v. *Pasquariello*, 168 Conn. 579, 585, 362 A.2d 835 (1975). Our "limited scope of review is consistent with the general proposition that equitable determinations that depend on the balancing of many factors are committed to the sound discretion of the trial court." *Hartford Whalers Hockey Club* v. *Uniroyal Goodrich Tire Co.*, 231 Conn. 276, 283, 649 A.2d 518 (1994).

It is within a court's power to allocate tax exemptions. See *Serrano* v. *Serrano*, supra, 213 Conn. 11. The question of whether a court may require the benefited party to compensate the party who transfers the tax exemptions for the value of the exemptions is an issue of first impression. The defendant, in his brief, offers sibling state authority that stands for the proposition that an exemption is "valuable only to persons with income, and up to a certain point, the higher the income the more valuable exemptions become because of the progressivity of the federal income tax." *Cross* v. *Cross*, 178 W. Va. 563, 573, 363 S.E.2d 449 (1987). We find persuasive much of the delineation of concerns related to allocation of the dependent tax exemption in *Cross*.

The Supreme Court of Appeals of West Virginia in *Cross* stated that "it seems only reasonable that a trial judge should allocate the dependency exemption to the parent in the highest tax bracket, and then enhance (or reduce) the value of the cash child support payments to offset the value of the exemption." Id., 574. It is that same concern to which the court in this case alluded when it stated that the defendant would take "better

advantage of them because [his] income is more." The fact that the exemptions are worth more does not mandate that equity afford the full benefit to one while denying any benefit to the other. The court clearly considered this concern in issuing its order.

Our Supreme Court in *Serrano*, in reviewing equitable considerations that required allocation of dependent tax exemptions in the first instance, touched on many of the concerns that now compel us to affirm the order requiring reimbursement for use of the tax exemptions by a noncustodial parent. "The [noncustodial parent] derives an economic advantage from having the dependent child exemption since he earns income against which he can claim the exemption in calculating his federal tax liability. The [custodial parent], on the other hand, currently has no taxable income against which she could apply the exemption. . . . The trial court's decision to allocate the exemption to the [noncustodial parent] has the further advantage of providing an incentive for [him] to keep current in his support payments since the [custodial parent] can refuse to execute the declaration for any tax year during which the [noncustodial parent] has failed to make support payments. The trial court's allocation of the exemption to the [noncustodial parent] was therefore not erroneous." *Serrano* v. *Serrano*, supra, 213 Conn. 12–13. We therefore conclude that the April 27, 1999 order was not improper.

The judgment is affirmed.

In this opinion the other judges concurred.