[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
The parties were married in Teheran, Iran, on September 17, 1983. They have two minor children, to wit: ALIREZA ALNOURI, born September 11, 1985, and KIMA ALNOURI, born August 5, 1988. The plaintiff wife ("wife") is a nurse at Mediplex of Stamford where she earns $106,000 per year. The defendant husband ("husband") is, according to the testimony of the wife, a citizen of Iran and has returned there to reside. He was personally served with the Writ, Summons, and Complaint on June 3, 2000, however, he has never filed an appearance or any pleadings. He has provided no support to the family since his departure. According to the wife, the husband has ample property in his own name in Iran, including a shopping center. The principal asset is the jointly-owned real estate, a condominium at 30 Glenbrook Road (Unit F-4). The wife testified that the money for the purchase came solely from her own earnings, and that she took title in both names only because of the marriage. The real property is the residence of the wife and the two minor children. The wife has asked for an order conveying the property to her name alone. According to the financial affidavit of the wife, the property has a fair market value of $90,000 and is not encumbered by a mortgage. The question before the court is whether or not it has the power to convey title to the property to the wife, where, as here, the husband is a non-appearing, non-resident defendant.
 LAW
The law regarding dissolution of marriage is a creature of statute, and while the court has broad legal and equitable powers, they must be exercised within the statutory framework. Pasquariello v Pasquariello,168 Conn. 579, 584-85 (1975); Doe v. Doe, 244 Conn. 403, 423 (1998). Where the defendant has received notice of the pendency of an action for dissolution, and where the party requesting alimony has met the residency requirement, the court may exercise personal jurisdiction to enter orders regarding alimony and child support. Section 46b-46(b) C.G.S. As to the exercise of personal jurisdiction over other financial aspects of the case, the court should consider the issue in light of the concept of "minimum contacts" of the party with Connecticut, as well as the traditional notions of "fair play and substantial justice." Panganibanv. Panganiban, 54 Conn. App. 634, 63942. Here, the husband was served personally and is the co-owner of real property in the City of Stamford. Moreover, it is appropriate under the facts of this case, that personal jurisdiction, once obtained for purposes of alimony and child support, CT Page 507 should be extended to the real estate which is the residence of the wife and two minor children.
The court also has the power to order one of the parties to transfer title to real estate to the other or to a third party, and upon the failure of that party to abide by the order, the court may transfer title by decree with no further action required, except the recordation of the order passing title. 46b-66a C.G.S. This method clearly envisions a two-step process. However, seemingly in conflict with the latter procedure, the court has also been granted the power to "pass title to real property to either party . . . without any act by either the husband or wife, when in the judgment of the court it is the proper mode to carrythe decree into effect." (emphasis added) Section 46b-81(a) C.G.S. The provisions of these two statutes are, at first blush, at odds with each other.
Clearly, under both statutory sections, where the court has personal jurisdiction over a party, it has the power to effect a transfer of that party's interest in real estate. The question is, should that be a single-step or a two-step procedure. In construing these two provisions, the court should read them together and interpret them in a manner which gives effect to both and which is consistent with the intent of the legislature in enacting them so as to "create a harmonious body of law,"Stein v. Hillebrand, 240 Conn. 35, 42 (1997). This court believes that a logical construction would be that in an action for dissolution of marriage, where both parties have appeared and have participated in the proceedings, the better course would be to follow the two-step provisions set forth in Section 46b-66a C.G.S. However, in an action where there is a non-appearing party over whom the court has personal jurisdiction, or in any other case, where both parties have appeared, and circumstanceswarrant, under Section 46b-81(a) C.G.S., the court has been given the discretion to transfer title directly to the other party, where it finds that it is the proper way to carry its decree into effect. In other words, under certain circumstances, the court has the power to bypass the first step called for in Section 46b-66a C.G.S. By way of example, such circumstances could include, inter alia, a situation where time is of the essence, or where the whereabouts of the party is unknown at the time ofthe decree, or where, in the judgment of the court, compliance with an order to transfer title is unlikely.
The court believes that the circumstances in this case warrant a direct transfer by the court pursuant to Section 46b-81(a) C.G.S. First and foremost, the husband, while personally served, has neither appeared nor participated in this matter in any manner. Moreover, the husband is a resident of Iran. The court believes that it is unlikely that the husband will cooperate with any orders that it might enter in this matter. CT Page 508 Therefore, the court believes that a direct transfer is the proper mode to carry its decree into effect.
 FINDINGS 
The Court, having heard the testimony of the plaintiff, and having considered the evidence presented at hearing, as well as the factors enumerated in Sections 46b-40, 46b-44, 46b-45, 46b-46, 46b-56, 46b-66a,46b-81, 46b-82, 46b-84, and 46b-215a of the Connecticut General Statutes, including the Child Support and Arrearage Guidelines Regulations, hereby makes the following findings:
 1. That it has jurisdiction for the reasons set forth above; that the husband has received actual notice of the pendency of the Complaint; and that the wife has met the residency requirement of Section 46b-44
C.G.S.
 3. That based upon the Military Service Affidavit as on file with the court and the testimony of the wife, the husband is not in the active military or naval service of the United States.
 4. That the marriage of the parties has broken down irretrievably.
 5. That the funds for the purchase of the real estate known as 30 Glenbrook Road (Unit 4F), Stamford, Connecticut, came solely from the earnings of the wife.
 6. That the real property is the residence of the wife and the two minor children.
 7. That as of the date of this decree, the husband has asserted no claim in the pending matter to said real property.
 8. That the fair market value of the real property is $90,000.
9. That it is equitable and appropriate to transfer sole legal and equitable title to said real property to the wife by means of a judicial decree pursuant to Section 46b-81(a) C.G.S. as it is the proper mode to carry this decree into effect. CT Page 509
 ORDER IT IS HEREBY ORDERED THAT: 
 1. The marriage of the parties is hereby dissolved effective October 5, 2000, and they are each hereby declared to be single and unmarried.
 2. The wife shall have sole custody of the minor children, ALIREZA ALNOURI, born September 17, 1985, and KIMA ALNOURI, born August 5, 1988, subject to the reasonable, liberal and flexible visitation rights of the husband as may be determined by the Superior Court. In the event that parties are unable to agree upon any issue regarding appropriate visitation, they shall first bring the matter to the Family Relations Office prior to a determination by the court.
 3. The husband shall pay to the wife the sum of one ($1.00) dollar per year as and for periodic alimony, until the death of either party or the remarriage of the wife, whichever shall sooner occur.
 4. The husband shall pay to the wife the sum of one ($1.00) dollar as and for child support for each child, until such time as the oldest child shall reach the age of eighteen years, at which time child support for the remaining child shall be adjusted in accordance with the then existing Child Support Guidelines or as a court may otherwise direct. The foregoing notwithstanding, if any child shall turn eighteen years old and is still in high school, then, in that event, the child support shall continue until the first day of next month following graduation from high school or their nineteenth birthday, whichever shall sooner occur, pursuant to Section 46b-84(b) C.G.S.
5. The court hereby transfers to the plaintiff wife, MASHID HASSANTALEBI, all right, title, and interest of the defendant, MOHAMMAD ALNOURI, in and to the real property known as 30 Glenbrook Road (Unit F), Stamford, Connecticut 06902, more particularly CT Page 510 described in Schedule A attached hereto and made a part hereof, subject to any existing mortgages, taxes, and liens, pursuant to Section 46b-81(a) of the Connecticut General Statutes. Hereafter, the wife shall have sole title in and to said real estate, free and clear of any claims by the husband.
 6. The court hereby retains jurisdiction regarding any issues which may arise regarding alimony, child support, custody and visitation, as well as the transfer of the real estate.
 7. The Court hereby orders Counsel for the wife to prepare a Judgment File consistent with this Memorandum of Decision within thirty (30) days hereof and that a copy of same be mailed to the husband at his current address, and if that is unknown, by mailing a copy to his last known address.
THE COURT
SHAY, J. CT Page 511